Leonard E. FARMER,
Petitioner-Appellant,

v.

Paul D. PRAST, Superintendent, and The Attorney General of the State of Wisconsin, Respondents-Appellees.

No. 82–3016.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1983.

Decided Nov. 18, 1983.

Rehearing Denied Jan. 23, 1984.

Mark Lukoff, 1st Asst. State Public Defender, Milwaukee, Wis., for petitioner-appellant.

Jerome S. Schmidt, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondents-appellees.

Before WOOD and CUDAHY, Circuit Judges, and WEIGEL, District Judge.*

WEIGEL, District Judge.

Leonard Farmer appeals from a judgment of the United States District Court

---

for the Eastern District of Wisconsin, denying his petition for writ of habeas corpus. Our jurisdiction stems from 28 U.S.C. §§ 1291 and 2253.

After jury trial in the Wisconsin Circuit Court for Milwaukee County, Farmer was convicted of one count of battery, in violation of Wis.Stat. § 940.19(1); two counts of false imprisonment, party-to-a-crime, contrary to Wis.Stat. §§ 940.30 and 939.05; and two counts of soliciting prostitutes, in contravention of Wis.Stat. § 944.32. On August 28, 1980, judgment was entered against Farmer.[1]

The state commenced two trials against Farmer. In the first, Farmer twice interrupted the judge during a hearing on the admissibility of certain testimony. After ruling of admissibility, the judge admonished Farmer that he might be cited for contempt or face "other drastic action," if his outbursts continued.

Jury voir dire was conducted subsequently. At its conclusion, the judge noted that "in the middle of the questioning the defendant fell over backwards in his chair and appeared to have what in this court's layman's opinion would be some type of epileptic seizure. That was in front of the entire panel that was being voir dired." Farmer then requested a medical examination. The judge inquired whether Farmer had any history of epilepsy. Farmer's mother, who was present in the courtroom, responded to the judge's question in the negative. The judge later declared a mistrial and ordered that Farmer have a complete medical examination.

Although that medical examination was not made because the Sheriff's Department did not receive the order for it in time to transport Farmer to the hospital, the second trial began the next day.[2] A new jury was impaneled. After the prosecutor read the

---

*The Honorable Stanley A. Weigel, Senior District Judge for the United States District Court for the Northern District of California, is sitting by designation.

1. Farmer was represented by counsel at the trial and makes no claim that his counsel lacked competence.

2. Farmer does not claim error based upon the failure to carry out the judge's order for the medical examination.

information to the jury, Farmer fell over backwards in his chair. This colloquy ensued:

THE COURT: All right, ladies and gentlemen, you are to disregard that. It appears that the defendant fell over backwards in his chair. Please disregard that. It has nothing to do with this case. There will be evidence in this case that you will hear from the witness stand. Disregard that—

DEFENDANT: I'm not ready to go to— I'm not ready to go to trial. I want to see a doctor.

THE COURT: Sure, all right.

DEFENDANT: I'm not feeling good. My mind is all messed up and I want to talk to somebody. I ask you to talk to somebody. I can't handle it. I can't handle it, and I am not prepared for trial right now.

THE COURT: Ladies and gentlemen, you're also to disregard anything the defendant may say during this trial unless he takes the witness stand or any other activity of this type.

Voir dire then commenced, and this exchange took place:

DEFENDANT: I don't feel good at all.

THE COURT: Fine, settle down.

DEFENDANT: I think you should do something for me.

THE COURT: Ladies and gentlemen, you are to disregard entirely anything the defendant says during that trial unless he's on the witness stand. This trial will go on in spite of any activity to stop it.

DEFENDANT: I'm just not feeling good, and I don't think you should do that. I think you should postpone it and see what's wrong with me because I am sick.

THE COURT: Mr. Farmer, you are to quiet down, please.

DEFENDANT: Please, sir. I was supposed to go to the hospital yesterday, sir. I'm sick, please. I don't feel up to it. I have a headache now.

THE COURT: Would you take the defendant out of the court, please.

DEPUTY WAGNER: Okay. Come on.

THE COURT: Let's go. Come on.

At the time the judge ordered Farmer removed from the courtroom, his attorney lodged no objection and continued to participate in the voir dire. The jury was selected in Farmer's absence. After the jury was selected and excused, Farmer was returned to the courtroom. The judge then invited the defense to make a record and any desired motions. Not until then did the defense move for a mistrial based on Farmer's overall conduct and his exclusion from court during voir dire. The judge denied the motion.[3] Thereafter, the trial proceeded to the jury's verdict against Farmer without serious disruption.

Farmer appealed his conviction. On October 12, 1981, the Wisconsin Court of Appeals affirmed, rejecting the contention that Farmer was impermissibly excluded from the courtroom. The court stated:

A defendant's right to be present in the courtroom at every stage of the proceed-

---

3. After denying the motion, the judge stated:

Yesterday—and the Court did not see the defendant fall until after he was on the floor—while we were picking a jury, the defendant went head over heels backwards in his chair in what would appear to be a seizure. In talking to one of the bailiffs after, Mr. Wagner indicated that he has seen a lot of people go into seizures in his years as a deputy, and he had real question about whether or not the defendant was a malingerer. The Court did try to get him out to the County Hospital. That did not work, but we will still have him examined, but I don't think even if he did have a seizure, it's anything that is critical to his health. People have seizures all the time.

Now, the Court, when he went into this— and I'll label it performance—today, I did watch, and it was very interesting when everybody didn't rush to his side, the symptoms were much less, and he finally calmed himself, an then he was helped up. It's obvious in this Court's opinion that the defendant is a malingerer. He is using this as a dilatory action. And, if the system of justice is to work, it's not going to be thwarted or stopped by any malingering. The Court will be the determiner of whether or not the case will go on, and we're not going to let staged activities disrupt them.

ings against him is not absolute and is lost when a defendant "insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that this trial cannot be carried on with him in the courtroom." *Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970).

The defendant did not object to his removal from the courtroom. Once removed, the defendant's trial counsel continued with the jury voir dire and selection. It was only after the jury had been selected and recessed that the defense counsel placed the objection on the record.

It is fundamental law in this state that the defendant must object in a timely fashion in order to permit the trial court to correct any possible error at the time it happens. Having failed to do so, the defendant has waived his right to have this error reviewed on appeal. *See Maclin v. State,* 92 Wis.2d 323, 330–31, 284 N.W.2d 661, 665 (1979); *State v. Wolter,* 85 Wis.2d 353, 373, 270 N.W.2d 230, 240 (Ct.App.1978). Nonetheless, we have addressed the claim of error and conclude that the defendant forfeited his right to be present in the courtroom by his disorderly and disruptive behavior.

*State v. Farmer,* 105 Wis.2d 754, 315 N.W.2d 728 (Ct.App.1981).

On November 30, 1981, the Wisconsin Supreme Court declined to review his case.

On January 18, 1982, Farmer filed an application for writ of habeas corpus in the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 2254. On October 27, 1982, the district court denied the application and entered judgment against Farmer.[4]

On this appeal from the district court's judgment, Farmer argues that reversal is warranted because the trial judge violated his Fifth, Sixth, and Fourteenth Amendment rights by ordering his removal from the courtroom. Farmer alternatively contends that this case should be remanded for the holding of an evidentiary hearing on whether his actions were so disruptive as to compel removal.

We need not address the constitutional claims nor the contention that an evidentiary hearing is required. The failure to make timely objection to the order of exclusion and to show cause for that failure precludes our further consideration.

A state prisoner, barred by a state contemporaneous objection rule from raising a constitutional claim on direct appeal, cannot obtain federal habeas corpus review without showing both cause for noncompliance with the rule *and* actual prejudice stemming from the alleged constitutional error. *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977). *See also Engle v. Isaac,* 456 U.S. 107, 110, 102 S.Ct. 1558, 1562, 71 L.Ed.2d 783 (1982). Federal habeas corpus is precluded when, as here, the state appellate court affirms a trial court decision on the twin grounds of lack of merit in the constitutional claim and of appellant's failure, without justification, to comply with a state procedural rule.[5] *See United States ex rel. Veal v. DeRobertis,* 693 F.2d 642, 650 (7th

---

4. The district court did not deal with the claim that Farmer's failure to object immediately to the order of exclusion barred federal review. Instead, the district court ruled on the merits of the underlying constitutional claim. After lengthy recitation of the facts and citation of authorities, the district court stated:

> From a trial transcript, it is not possible to measure precisely how disruptive Farmer's actions were. In this situation, the judgment of an experienced and competent trial judge like Judge Guolee must be trusted. He saw the conduct and observed the disruptive nature of the acts. The fact that the disruptive conduct did not escalate further is perhaps

proof that the judge exercised his discretion wisely. Because of the way the matter was handled by Judge Guolee, Mr. Farmer learned that he could not disrupt the court proceedings. This lesson was taught while doing a minimum of violence to Mr. Farmer's constitutional rights. No abuse of discretion is present here.

5. If a state appellate court rules on the merits of the constitutional claim, but not on the state procedural question, federal habeas corpus review is available. *See Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). *See also United States ex rel. Ross v. Franzen,* 668 F.2d 933, 937 (7th Cir.1982) (en

Cir.1982). Invocation of the state procedural rule by the state appellate court amounts to an "independent and adequate" state ground barring federal review, absent the "cause and prejudice" requirements of *Wainwright. Id.*

The Wisconsin Court of Appeals, in affirming the trial court in the case at bar, relied both on appellant's failure to object immediately to the trial judge's alleged error and on the shortcomings of appellant's constitutional claims. We need not consider the constitutional claims because appellant has failed to establish an adequate cause for the failure to object in timely fashion.[6]

■ In the effort to establish such cause, appellant contends that, to insulate the jury from argument prejudicial to his case, objection was withheld until "the first possible moment in the absence of the jury." Appellant's Reply Brief, at 6. This contention does not square with the facts. Defense counsel waited to make any objection to the order of exclusion until after the jury had been selected, until after it had been excused by the trial court and until after the court invited the making of any motions. Instead of so delaying, defense counsel, at the time of the order of exclusion, could readily have asked for exclusion of the jury while he argued in support of an objection or for a side-bar conference or for a conference *in camera.* Or he could, of course, simply have made a brief objection without requesting exclusion of the jurors. Failure to make a timely objection is not excused simply because the objector wishes to have it heard outside the presence of the

jury and at some indefinite time in the future when the jury happens to be absent for some reason other than at the objector's request.

Appellant makes a further argument to excuse the failure to make timely objection. It is urged that no one complained at the trial that the objection came too late. Failure to object to the tardiness of an objection does not excuse the failure to make it timely.

■ Appellant has not demonstrated cause for his failure to make timely objection to the trial judge's alleged error in ordering his exclusion from the courtroom.[7]

The judgment of the district court is affirmed.

---

banc). *Sumner* involved the constitutionality of certain state identification procedures. No constitutional objection was raised in the trial court. However, the state appellate court addressed the merits of the constitutional claim. While noting the *Wainwright* "cause and prejudice" rule, the Supreme Court did not criticize state appellate consideration of the constitutional matter nor question the propriety of federal habeas review.

6. In *Wainwright,* the Court expressly declined to define "cause and prejudice." *Wainwright v. Sykes,* 433 U.S. at 87, 97 S.Ct. at 2506. More recently, in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783, the Court reaffirmed that cause and prejudice are not rigid

terms. They take their meaning from principles of federalism and comity and the need for finality in criminal litigation. *See id.* at 135, 102 S.Ct. at 1575.

7. It is true that the district court did not rely on appellant's failure to make timely objection. However, appellee still may raise that failure as grounds for affirmance here. "The prevailing party may ... assert in a reviewing court any ground in support of his judgment, whether or not that ground was relied upon or even considered by the trial court." *Dandridge v. Williams,* 397 U.S. 471, 475–76 n. 6, 90 S.Ct. 1153, 1156–57 n. 6, 25 L.Ed.2d 491 (1970). *See also Colautti v. Franklin,* 439 U.S. 379, 397 n. 16, 99 S.Ct. 675, 686 n. 16, 58 L.Ed.2d 596 (1979).