David GOINS, Petitioner-Appellant,

v.

Michael LANE, Director, Department of Corrections, State of Illinois, Respondent-Appellee.

No. 84–2941.

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1985.

Decided March 28, 1986.

John Lanahan, Public Defender of Cook County, Chicago, Ill., for petitioner-appellant.

James E. Fitzgerald, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before WOOD, ESCHBACH, Circuit Judges, and CAMPBELL, Senior District Judge.*

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, sitting by designation.

ESCHBACH, Circuit Judge.

The primary question presented in this appeal is whether the failure of petitioner's counsel to move to quash the arrest of petitioner constituted ineffective assistance of counsel under the Sixth Amendment. The district court concluded that it did not and denied the petition for federal habeas-corpus relief. For the reasons stated below, we will affirm.

I

On April 5, 1977, four men wearing ski masks and carrying weapons robbed a grocery store and killed the owner of the establishment. A thirteen-year old girl who was in the store at the time said that she saw the men's faces when they lifted their masks. She later identified petitioner, David Goins, as one of the offenders. The four men left the scene of the crime in a yellow automobile, which was damaged on the driver's side. The investigating officers found a car matching that description and spoke to the owner of the automobile, who indicated that Goins had borrowed it from him earlier in the day. The officers went to the Goins's home, but were told by his family that he had left. The police gave Goins's mother a telephone number for the homicide unit. Goins called the police station when he returned home later in the afternoon. The officers went to the Goins's residence and took him into custody. Goins was placed in two line-ups and identified as a participant in the robbery. After several sessions of questioning, he confessed to his involvement in the crime.

Goins was charged with armed robbery and murder. His trial counsel filed a pretrial motion to suppress the confession on the ground that it had been coerced and thus was obtained in violation of the Fifth Amendment. Counsel also moved to suppress in-court and out-of-court identification evidence. After a hearing, the state trial judge denied these motions. Goins's trial counsel succeeded in having the case assigned to another judge. Goins waived his right to trial by jury. The trial then proceeded, and Goins's trial counsel re-

newed the motion to suppress the confession as coerced. The motion was denied and the confession was received into evidence. The trial court found Goins guilty of armed robbery and murder, but concluded that the armed robbery offense had merged into the murder charge. Goins was sentenced to a prison term of 25 to 50 years.

Goins filed a direct appeal (in which he was represented by different counsel) from his state conviction and challenged only the length of his sentence. While the direct appeal was pending, Goins's new counsel filed a petition for post-conviction relief with the original state trial court, and argued that Goins had been denied effective assistance of counsel because trial counsel had failed to present a Fourth Amendment challenge to quash the arrest as obtained without probable cause. His new counsel also argued that Goins had been illegally arrested on a traffic warrant, that the police had acted in bad faith, and that the police did not have probable cause to arrest Goins. Goins's new counsel argued that an evidentiary hearing was needed on the ground that certain material facts were not in the record and thus were not available for the state appellate court's consideration in the direct appeal.

The state trial court dismissed the post-conviction petition and Goins filed an appeal from that ruling. His murder conviction was affirmed in the direct state appeal. In addition, the Illinois appellate court found that the issues raised in the post-conviction petition (including the issue of ineffective assistance) had been waived due to Goins's failure to raise them at trial or on direct appeal. The appellate court, however, went on to consider the merits of the ineffective-assistance claim and concluded that the performance of Goins's trial counsel had not fallen below the constitutional minimum. Goins's petition for leave to appeal to the Illinois Supreme Court was denied.

Goins then filed a petition for a writ of habeas corpus in federal district court. He alleged that he was denied effective assist-

ance of counsel under the Sixth and Fourteenth Amendments due to the failure of his trial counsel to move to suppress his confession as the fruit of an illegal arrest. The district court rejected the respondent's argument that Goins had waived his ineffective-assistance claim due to his failure to present these issues in a timely fashion to the state courts. A hearing on the merits was held. Goins's trial counsel, among other witnesses, testified and discussed his involvement in the state criminal proceeding. Goins's trial counsel also stated that, the day after Goins had been found guilty by the state trial court, he (the trial counsel) had pleaded guilty in contempt proceedings arising from unrelated federal criminal charges lodged against him. As a result of the guilty plea, Goins's trial counsel was ordered not to practice law in any court in Illinois for one year.

The district court held that the failure of Goins's trial counsel to move to quash the arrest (and thus the confession) had not denied Goins effective assistance of counsel. The petition for a writ of habeas corpus was accordingly denied. This appeal followed.

## II

■ As noted above, the district court rejected the respondent's argument that Goins's failure to raise the claim of ineffective assistance of counsel in his direct appeal at the state-court level constituted a waiver of that claim. The court reasoned that the Illinois appellate court, although initially invoking the waiver rule, ultimately ruled on the merits of Goins's ineffective-assistance claim in the post-conviction proceeding. The respondent urges on appeal that the district court erred in reaching the merits without first determining whether Goins could demonstrate "cause and prejudice." *See Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 433 L.Ed.2d 594 (1977). The respondent, as the prevailing party below, may of course assert any ground, appearing in the record, in support

of the judgment, whether or not that ground was relied upon by the trial court. *Farmer v. Prast*, 721 F.2d 602, 606 n.7 (7th Cir. 1983) (quoting *Dandridge v. Williams*, 397 U.S. 471, 475–76 n.6, 90 S.Ct. 1153, 1156–57 n.6, 25 L.Ed.2d 491 (1970)).

■ We agree that the district court incorrectly ruled on the waiver question. If the state appellate court rules on the merits of a constitutional claim, but not on the state procedural issue regarding waiver, federal habeas-corpus review is available. *Farmer*, 721 F.2d at 605 n.5. However, federal habeas-corpus relief is precluded if the state appellate court affirms a state trial court decision on the "twin grounds" of (1) lack of merit for the constitutional claim and (2) the petitioner's failure, without justification, to comply with a state procedural rule, unless of course the petitioner demonstrates in federal court cause and prejudice for the procedural default. *See United States ex rel. Merneigh v. Greer*, 772 F.2d 322, 325–28 (7th Cir. 1985); *Jentges v. Milwaukee County Circuit Court*, 733 F.2d 1238, 1243 n.1 (7th Cir. 1984); *Farmer*, 721 F.2d at 605–06. In this case, the "twin ground" rule applies; the district court, therefore, should have required that Goins make a showing of cause and prejudice.

We could remand the case to allow the district court to determine whether Goins has satisfied the "cause and prejudice" requirement. *See, e.g., United States ex rel. Veal v. DeRobertis*, 693 F.2d 642, 650 (7th Cir. 1982). However, litigation concerning the validity of Goins's conviction has been in progress for nine years. In light of the unique posture of the instant case, the interests of quiescence and judicial economy will not be advanced if this action is remanded for further proceedings regarding the reasons for Goins's procedural default if his underlying constitutional claim is without merit. We will, therefore, consider the argument that Goins was denied effective assistance of counsel.

■ We first note that Goins's Sixth Amendment claim in this habeas action is predicated on the failure of his trial counsel

to raise a Fourth Amendment challenge to his confession. In *Stone v. Powell*, 428 U.S. 465, 494–95, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas-corpus relief on the ground that evidence obtained in violation of the Fourth Amendment was admitted at trial. There is a conflict among the circuits regarding the effect of *Stone* on a Sixth Amendment claim based on counsel's failure to pursue a Fourth Amendment claim. *Compare LiPuma v. Commissioner*, 560 F.2d 84, 93 n.6 (2d Cir.) (*Stone* bars consideration of habeas petitioner's contention that counsel was ineffective due to failure to file motion to suppress), *cert. denied*, 434 U.S. 861, 98 S.Ct. 189, 54 L.Ed.2d 135 (1977), *with Sallie v. North Carolina*, 587 F.2d 636, 640–41 (4th Cir. 1978) (*Stone* does not bar relief in such circumstances), *cert. denied*, 441 U.S. 911, 99 S.Ct. 2009, 60 L.Ed.2d 383 (1979); *see also Christian v. McKaskle*, 731 F.2d 1196, 1199 (5th Cir. 1984) (discussion of *LiPuma* and *Sallie* ).

We hold that the rule of *Stone* does not apply to a state prisoner's federal habeas claim of ineffective assistance based on his counsel's failure to pursue or present a Fourth Amendment claim. The rationale of *Stone* is clear: the deterrent effect of the exclusionary rule is not advanced when a federal court grants habeas relief to a state prisoner based on a Fourth Amendment claim if the prisoner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. The Court noted that "the additional contribution, if any, of the consideration of [such claims] of state prisoners on collateral re-view is small in relation to the costs .... There is no reason to believe ... that the overall educative effect of the exclusionary rule would be appreciably diminished if [these] claims could not be raised in federal habeas corpus review of state convictions." 428 U.S. at 493, 96 S.Ct. at 3052, 49 L.Ed.2d 1067.

We, however, do not understand how the requirement in *Stone* of a full and fair opportunity to litigate a Fourth Amendment claim has been satisfied when the defendant has been denied effective assistance of counsel. It is true that the state may, in general terms, provide a procedure for consideration of motions to suppress. Nonetheless, the defendant would be unable to avail himself of that procedure, because of his counsel's ineffectiveness. In addition, a different set of interests is implicated in the Sixth Amendment claim: if federal habeas relief is granted to a state prisoner who claims that he was denied effective assistance due to his counsel's failure to pursue a Fourth Amendment claim, the purpose is to vindicate the prisoner's right to a fair trial, not to "educate" the law enforcement officials who allegedly committed the Fourth Amendment violation.

 The standard for evaluating a claim of ineffective assistance of counsel under the Sixth Amendment was set forth in the Supreme Court's recent decision in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Nutall v. Greer*, 764 F.2d 462 (7th Cir. 1985).[1] Under *Strickland*, Goins must show (1) that his trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. 466 U.S. at 687, 104 S.Ct. at 2064. To satisfy the first component, it must be shown that

---

**1.** Goins's trial counsel had been indicted on federal charges prior to Goins's state trial and, as noted above, eventually entered a guilty plea on a contempt charge after Goins was convicted. Goins now argues that, although the coincidence of his trial counsel's "professional misfortunes" and Goins's trial would not alone be sufficient to infer that Goins was denied his right of effective assistance of counsel, it nonetheless calls for an evaluation of the circum-stances to determine the level of representation provided. In *United States v. Cronic*, 466 U.S. 648, 662, 104 S.Ct. 2039, 2048, 80 L.Ed.2d 657 (1984), the Supreme Court concluded that circumstances outside the courtroom may justify a presumption of ineffectiveness without inquiry into counsel's actual performance at trial. However, Goins has completely failed to show that his trial counsel's "professional misfortunes" justified such a presumption.

Goins's counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. In other words, Goins must demonstrate that his counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 687–91, 104 S.Ct. at 2064–67. The Court in *Strickland* did not set specific guidelines for evaluating the quality of representation, but rather stated that strict rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. *Id.*

 Judicial scrutiny of defense counsel's performance must be highly deferential, and the inquiry must consider whether counsel acted reasonably in consideration of all the circumstances. A court must "eliminate the distorting effects of hindsight" and must "reconstruct the circumstances of counsel's challenged conduct" in order to "evaluate the conduct from counsel's perspective at the time." *Id.*, 466 U.S. at 689, 104 S.Ct. at 2065. The judiciary must indulge in a strong presumption that the conduct fell within the "wide range of reasonable professional assistance," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " 466 U.S. at 689, 104 S.Ct. at 2066 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). In considering the propriety of the investigations and arguments made by defense counsel, the communications between counsel and his client must also be taken into account. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. The Court recognized that "[i]ntensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client." *Id.*

Goins does not complain about the representation for the arguments actually raised by his trial counsel. In fact, he concedes that the representation was effective before and during the trial, especially with regard to the series of Fifth Amendment challenges his trial counsel launched against the admission of the confession. Goins now claims, however, that his trial counsel should have presented a Fourth Amendment challenge to the arrest. Goins reasons that, had he prevailed on that ground, the confession might have been suppressed as a fruit of an illegal search. He maintains further that, without the confession, the primary evidence in support of his conviction would have been the identification evidence of the young girl who was in the store at the time of the robbery. Her testimony was that she saw the faces of the four men when they lifted their ski masks. Goins asserts that this evidence is incredible, although at oral argument he did not argue that it would have necessarily created a reasonable doubt.

The district court examined the record of the state court proceedings and held an evidentiary hearing on the ineffective-assistance question. Goins, his mother, two of his sisters, and the arresting officers testified as to the circumstance of the arrest and subsequent trial. Goins's trial counsel also took the stand to discuss his preparation (including his discussions with Goins and his family) and trial strategy. There was conflicting testimony that called for determinations by the district court concerning the credibility of witnesses and the relative weight of the evidence. The court ultimately concluded that "counsel vigorously and skillfully presented two trial motions to suppress the evidence which formed the basis of the prosecution's case against Goins. Counsel chose to present motions to suppress under the Fifth Amendment, rather than the Fourth Amendment. Goins complains about that choice .... The Court cannot find that counsel's choice was unreasonable."

 We are bound by the factual findings of the district court unless they are "clearly erroneous." *See Weber v. Israel,* 730 F.2d 499, 504 (7th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 167, 83

L.Ed.2d 103 (1984). After a thorough review of the record, we are not left with a "definite and firm conviction that a mistake has been committed." *See id.* The evidence fully supports the conclusion that Goins's trial counsel, after his discussions with Goins and his family, thought either that Goins had turned himself in or that the police had probable cause for the arrest. In addition, the trial counsel's decision to raise the Fifth, but not the Fourth, Amendment challenge can in no way be considered patently unreasonable. Trial counsel is not obligated to present every conceivable theory in support of the defense. *Cf. United States ex rel. Tonaldi v. Elrod,* 782 F.2d 665, 670 (7th Cir. 1986). It goes without saying that trial counsel may undermine the credibility of the defense of his client if he simply presents the court with a barrage of attacks. The strength of meritorious arguments is dissipated by the weakness of groundless ones. The Fifth Amendment challenge under the facts of Goins's arrest was a powerful one,[2] and we cannot say that trial counsel's decision to focus upon it to the exclusion of the Fourth Amendment challenge fell below an objective standard of reasonableness, especially in view of the information Goins's counsel had at his disposal at the time he made the decision.

### III

For the reasons stated above, the judgment of the district court denying the petition for a writ of habeas corpus is

AFFIRMED.

---

**2.** There was evidence that Goins had been held for over 28 hours after his arrest and that there may have been a bruise on his cheek when he left the police station after making his confession.