966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph MERNEIGH, Petitioner/Appellant,
v.
Kenneth McGINNIS, Director Illinois Department of
Corrections, Respondent/Appellee.
 No. 91-1089.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.*
Decided June 4, 1992.
Rehearing and Rehearing In Banc
Denied Sept. 3, 1992.
 
 Before CUMMINGS, and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 An Illinois jury convicted Joseph Merneigh of rape and deviate sexual assault. On appeal he argued that the government used evidence that violated Merneigh's Fifth Amendment privilege against self-incrimination. The court rejected this claim as waived under state procedural rules that bar claims not raised at trial or in post-trial motions. The court, though, reviewed the record to determine whether the alleged error amounted to plain error. The court found no plain error and upheld the conviction. After exhausting his state remedies on this issue, Merneigh filed a petition for writ of habeas corpus in federal district court. The court denied the petition so Merneigh appealed to this court. We held that although the state appellate court had addressed the merits of the claim under the Fifth Amendment, the court's reliance on the state procedural rule was an adequate and independent state ground for its decision, thus barring federal review of Merneigh's petition. United States ex rel. Merneigh v. Greer, 772 F.2d 322, 326-27 (1985). The Supreme Court then decided Harris v. Reed, 489 U.S. 255 (1989). Merneigh filed another petition for writ of habeas corpus seeking reconsideration of his claims in light of Harris. The court again rejected his petition and Merneigh again appeals.
 
 
 2
 The government argues that the law of the case doctrine forecloses collateral review of Merneigh's federal claims. Merneigh counters that the law of the case doctrine does not apply because his second petition is based on Harris, which changed the controlling authority since we ruled on his first petition. "[M]atters decided on appeal become the law of the case to be followed in all subsequent proceedings in the trial court and, on second appeal, in the appellate court, unless there is plain error of law in the original decision." Evans v. City of Chicago, 873 F.2d 1007, 1014 (7th Cir.1989). This doctrine applies to habeas corpus proceedings. Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir.1991). When a subsequent Supreme Court decision changes the law applicable to the case we make an exception to the law of the case doctrine. Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991). We must decide, therefore, whether Harris changed the law to be applied in this case.
 
 
 3
 The Court decided Harris to resolve a conflict over "the standard for determining whether a state court's ambiguous invocation of a procedural default bars federal habeas review." 489 U.S. at 259-60. To that end it said that the "plain statement" rule of Michigan v. Long, 463 U.S. 1032 (1983), should be applied "to avoid the difficulties associated with such ambiguity." Harris, 489 U.S. at 261. The Court made clear, however, that its adoption of the plain statement rule for purposes of habeas review did not alter its rule that, when a state court gives alternative procedural and substantive grounds for its ruling, the federal court must honor the procedural ground even when the state court also relies on federal substantive law. Id. at 264 n. 10; see also Rogers-Bey v. Lane, 896 F.2d 279, 281 (7th Cir.1990); Prihoda v. McCaughtry, 910 F.2d 1379, 1383-84 (7th Cir.1990). Harris, therefore, did not change the law to be applied to alternative-grounds cases.[1]
 
 
 4
 In our first decision in this case we stated
 
 
 5
 with confidence that the court relied at least partially on ... waiver in rejecting petitioner's claim. The court began its discussion of the claim with an unqualified, declarative sentence stating that petitioner had not properly preserved it for appeal. Despite its later discussion of the merits of petitioner's claim, the court never backed away from this initial statement.
 
 
 6
 United States ex rel. Merneigh, 772 F.2d at 326. Having found procedural default to be unambiguously one of the reasons for the denial of the petition, we held that " '[f]ederal habeas corpus is precluded when ... the state appellate court affirms a trial court decision on the twin grounds of lack of merit in the constitutional claim and of appellant's failure, without justification, to comply with a state procedural rule.' " Id. at 327 (quoting Farmer v. Prast, 721 F.2d 602, 605-06 (7th Cir.1983)). This was an alternative-grounds case. We did not confront an ambiguity so we would not have used Harris 's presumption had it been available. The law of the case has not changed. Harris 's footnote 10 just confirmed our prior opinion's discussion of how to approach alternative-grounds cases.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 After Harris the Court decided Coleman v. Thompson, 111 S.Ct. 2546 (1991). Coleman modified Harris by rejecting a per se application of the plain statement rule, limiting the rule to cases in which "the decision of the last state court to which the petitioner presented his federal claims ... fairly appear[s] to rest primarily on federal law or to be interwoven with federal law." Id. at 2557. This modification, however, has no bearing on this case