**UNITED STATES of America ex rel. Joseph MOSES, Petitioner,**

v.

**Jerry D. GILMORE, Warden, Respondent.[1]**

**No. 94 C 3816.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 21, 1995.

---

1. Respondent Attorney General of the State of Illinois is stricken as a party respondent on the court's own motion, since petitioner is presently in custody pursuant to the challenged state judgment. Rule 2(a), Rules Governing Section 2254 Cases.

gues that: (1) he was denied his right to due process when the trial court sentenced him to consecutive periods of imprisonment; (2) he was denied his right to due process when the trial court failed to admonish him on the use and effect of consecutive sentences, and on the sentencing possibilities following a probation violation; (3) his Eighth Amendment rights were violated when the trial court, with knowledge of petitioner's drug addiction, imposed consecutive sentences; (4) his Sixth Amendment right to effective assistance of counsel was violated at all stages in the proceedings and, specifically, regarding the motion to withdraw his guilty plea; and (5) he was denied his right to due process when the trial court dismissed his post-conviction petition.

Of the five issues raised by petitioner, issues 3, 4 and 5 were first raised in the petition for habeas relief. Issue 2 had been raised in the petition for post-conviction relief. Only issue 1 previously had been raised in petitioner's direct appeal.

For the procedural and substantive reasons set forth below, this court finds no merit in petitioner's claims.

## I. BACKGROUND

Petitioner Joseph Moses was convicted of two counts of forgery and one count of armed robbery. On October 30, 1984, petitioner received concurrent ten-year prison terms for the forgery convictions. He received twenty years imprisonment for armed robbery with the sentence to be served consecutively to those for forgery.

On direct appeal, petitioner argued that the trial court abused its discretion in ordering consecutive sentences. On February 26, 1986, the appellate court rejected petitioner's argument and affirmed his conviction and sentences. *People v. Moses*, 140 Ill.App.3d 1147, 105 Ill.Dec. 35, 503 N.E.2d 875 (1986) (unpublished order), *appeal denied* (June 3, 1986).

On June 29, 1992, petitioner filed a petition for post-conviction relief. On July 15, 1992, the circuit court entered an order dismissing the petition as frivolous and patently without merit. In addition, the circuit court alluded

Joseph Moses, pro se.

Arleen C. Anderson, Illinois Atty. General's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Joseph Moses, an Illinois state prisoner, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Moses presents five reasons why a writ of habeas corpus should issue. Petitioner ar-

to the untimeliness of the petition and to waiver barring petitioner's admonishment claim. Petitioner appealed.

During the appeal, petitioner's appointed counsel filed a motion for leave to withdraw as counsel pursuant to the standards set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he had fulfilled his *Anders* duties. On April 5, 1994, the appellate court granted the motion for leave to withdraw as counsel because the post-conviction petition was time-barred. Consequently, no meritorious issues existed for review. 725 ILCS 5/122–1. Petitioner had waited more than seven years since the date of his conviction before filing his petition for relief.

Petitioner then sought permission to withdraw his appeal from the appellate court, and to amend his post-conviction petition. On September 22, 1993, the appellate court denied both requests.

On June 2, 1994, the Illinois Supreme Court denied petitioner's request for leave to appeal. Petitioner has exhausted his state remedies, and he properly petitions this court for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b).

## II. DISCUSSION

### A. Defaulted Claims

■ Petitioner raises five issues in his petition for writ of habeas corpus. However, petitioner failed to raise four of the five issues in state court at the appropriate time in order to preserve state judicial review of such issues. *See Nutall v. Greer*, 764 F.2d 462, 465 (7th Cir.1985) (state prisoner waives habeas review of a claim by failing to present it to the lower appellate court on direct appeal and by failing to seek leave to present it to the highest state court). Therefore, procedural default operates to prevent petitioner from asserting four of his five claims for purposes of federal habeas review. *Id.* An exception to this rule of procedural default occurs when the petitioner shows cause for failing to raise the arguments earlier and prejudice resulting from procedural default. *Id.* This court discusses each of the petitioner's defaulted claims in order.

### 1. Due Process—Admonishment of Trial Court

Petitioner contends that the trial court failed to properly admonish him before sentencing, thereby violating his Fourteenth Amendment right to due process. Petitioner alleges that the trial court failed to inform him that he could receive consecutive sentences as a result of his guilty plea. In addition, petitioner argues that the trial court failed to inform him, before he admitted to a probation violation, that he could be sentenced to whatever would have been a permissible sentence at the time probation was imposed. As a result of this allegedly insufficient admonishment, petitioner asserts that he did not enter a knowing, intelligent and voluntary plea. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

■ Petitioner did not raise this issue in his direct appeal. He first raised the issue of insufficient admonishment before the Illinois Appellate Court in his petition for leave to appeal from his post-conviction review. The appellate court dismissed that petition as time-barred. This court may not review a claim, first raised as a constitutional issue in a petition for post-conviction relief, when a state court has ruled on the state procedural issue regarding waiver. *See Goins v. Lane*, 787 F.2d 248, 251 (7th Cir.), *cert. denied*, 479 U.S. 846, 107 S.Ct. 165, 93 L.Ed.2d 103 (1986); *see also Farmer v. Prast*, 721 F.2d 602, 605 n. 5 (7th Cir.1983) (if a state appellate court rules on the merits of a constitutional claim, but not on the state procedural question, federal habeas corpus review is available). In addition, petitioner has not made a showing of cause and prejudice regarding this claim.

Assuming procedural default did not operate to bar this claim, the insufficient admonishment claim is without merit. In the petitioner's brief, he set forth one line of dialogue from the trial court concerning consecutive sentences. Petitioner asserted that the quoted line represented the information provided him by the trial court.

■ In fact, the record indicates that the trial court provided the petitioner with information through a series of various questions. The questions concerned the facts of petitioner's criminal charges, the probation violation, the sentence suggested by the state, the possibility of an extended sentence, and the possibility of consecutive sentences. Moreover, the petitioner clearly responded to all questions propounded by the trial court. The record indicates that the petitioner did not ask the trial court to explain terms, nor did he request his attorney's assistance in understanding the trial court's questions or remarks.

Petitioner demonstrates no evidence to counter the reasonable conclusion that he understood the trial court's admonition.

Petitioner's first claim for habeas corpus relief fails.

### 2. Eighth Amendment—Consecutive Sentencing

Petitioner contends that the trial court violated his Eighth Amendment right to be free from cruel and unusual punishment when it imposed consecutive sentences. The thrust of this argument concerns petitioner's drug addiction, and his need for rehabilitative care instead of imprisonment.

■ Procedural default prevents petitioner from raising this issue in habeas corpus proceedings because he mentioned it for the first time in his petition for habeas relief. See Nutall, 764 F.2d at 465. Petitioner made no attempt to demonstrate cause and prejudice regarding this claim.

Assuming procedural default did not operate to bar this claim, petitioner's Eighth Amendment claim is without merit. This court may entertain an application for a writ of habeas corpus when petitioner is in custody in violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3); Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). In this case, petitioner does not allege that his sentence is in violation of federal law; he simply argues that his drug addiction should have been considered by the trial court in sentencing.

■ In the absence of evidence of a constitutional violation, neither the severity of petitioner's sentence nor the failure of the trial court to consider petitioner's drug use provide a sufficient basis for habeas corpus review. See United States ex rel. Sluder v. Brantley, 454 F.2d 1266, 1269 (7th Cir.1972) (holding that the severity of a sentence, which otherwise falls within limits set by Illinois law, is not sufficient ground for relief in federal habeas corpus proceedings).

Petitioner's second claim for habeas corpus relief fails.

### 3. Sixth Amendment—Assistance of Counsel

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. Petitioner alleges two specific instances where he was denied effective assistance of counsel. These alleged violations arise from the filing of petitioner's motion to withdraw his guilty plea, and appointed counsel's adherence to Illinois Supreme Court Rule 604(d) (requiring appointed counsel to file a certificate of performance with the trial court).

■ Petitioner raised these Sixth Amendment issues for the first time in his petition for writ of habeas corpus. Consequently, these claims are barred by procedural default. See Nutall, 764 F.2d at 465. Moreover, petitioner has not shown cause for his failure to assert these Sixth Amendment claims earlier or prejudice resulting from default. Id.

■ Petitioner's Sixth Amendment claims are without merit even assuming procedural default did not operate to prevent him from asserting them. In regard to the motion to withdraw his guilty plea, petitioner has not alleged sufficient facts to fulfill the ineffective assistance of counsel test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, the party asserting an ineffective assistance of counsel claim bears a heavy burden. The petitioner must show (1) that his attorney's representation fell below an objective stan-

dard of reasonableness, and (2) that there is a reasonable probability that petitioner's case would have come out differently but for the attorney's unprofessional errors. *Id.* at 687, 104 S.Ct. at. 2064. There is a strong presumption that representation was competent. *Id.* at 689, 104 S.Ct. at 2065; *Santos v. Kolb,* 880 F.2d 941, 943 (7th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). When examining a Sixth Amendment claim, the reviewing court must be "highly deferential," taking care to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the. conduct from counsel's perspective. at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

Petitioner's Sixth Amendment claim arises from the events of April 4, 1985, when the trial court construed a letter received from petitioner as a *pro se* motion to withdraw his guilty plea. In the presence of petitioner's appointed counsel, the trial court denied the motion because the letter contained no substantial grounds on which to grant the motion.[2]

Six weeks before the above-mentioned hearing, appointed counsel spoke with petitioner about the motion to withdraw his guilty plea. According to appointed counsel on the record, counsel informed petitioner of the consequences of choosing not to file the motion. Petitioner instructed his attorney not to file the motion, and told his attorney that he would contact him if he changed his position. Petitioner never contacted his attorney.

■ Petitioner now poses Sixth Amendment arguments that his motion was insufficient, and that his attorney failed to properly file the motion on his behalf. However, the record reflects that appointed counsel's conduct falls squarely within the scope of reasonable professional behavior. Petitioner unequivocally instructed his attorney not to file the motion, and his attorney complied with his wishes. If petitioner had decided to file a motion after instructing his attorney to the

contrary, he could have informed his attorney, in writing, in the same way he communicated with the trial court.

Because appointed counsel acted reasonably, petitioner did not meet the first prong of the *Strickland,* test. However, even assuming that petitioner's counsel acted unreasonably in not filing the motion to withdraw the guilty plea, petitioner has failed to show how he was thereby prejudiced. As previously noted, the trial court preserved petitioner's right to a direct appeal by construing his letter as a motion to withdraw his guilty plea. If appointed counsel had filed the motion, the result would have been substantially the same. In any event, because petitioner's attorney followed his client's instructions, and the trial court construed the letter to protect the petitioner's rights, the petitioner's claim fails to satisfy either prong of the *Strickland* test.

Petitioner asserts another Sixth Amendment violation concerning Illinois Supreme Court Rule 604(d). He argues that his attorney failed to comply with the Rule's requirement that a certificate of performance be filed by appointed counsel with the trial court.

■ As mentioned above, petitioner first raised this argument in his petition for a writ of habeas corpus, and procedural default prevents him from asserting it before this court. *See Nutall,* 764 F.2d at 465. Petitioner has not demonstrated cause and prejudice to overcome this bar. *Id.*

■ Assuming that procedural default did not operate to bar this claim, it remains without merit. A claim arising from an attorney's compliance with Illinois Supreme Court Rule 604(d) presents an issue of state law. State law errors do not provide a basis for federal habeas review. *See Estelle,* 502 U.S. at 67, 112 S.Ct. at 480. Petitioner fails to show how his attorney's alleged failure to comply with a state court requirement violates federal law.

---

2. Under Illinois Supreme Court Rule 604(d), when a conviction is based on a plea of guilty, a defendant must file either a motion to reconsider sentence or a motion to withdraw his guilty plea in order to preserve his right to a direct appeal. In construing the letter as a motion to withdraw his guilty plea, the trial court preserved petitioner's right to appeal his conviction.

Petitioner's third claim for habeas corpus relief fails.

### 4. Due Process—Dismissal of Post-conviction Petition

Petitioner argues that he was denied his right to due process when the trial court dismissed his post-conviction petition. The trial court erred, petitioner asserts, when it dismissed his petition because it contained the gist of a constitutional issue.

■ Petitioner's failure to raise this claim in constitutional terms in a lower state court results in a procedural default of the claim absent a showing of cause and prejudice. *See United States ex rel. Sullivan v. Fairman,* 731 F.2d 450, 455 (7th Cir.1984) (holding that a petitioner forfeited his right to raise due process claims in federal court because he failed to alert a state court of the alleged due process violations). Petitioner has not shown cause and prejudice to overcome the procedural default.

■ Assuming that procedural default did not act to bar this claim, it lacks substance for review. Petitioner fails to describe how his federal constitutional rights are implicated by the dismissal of his petition for post-conviction relief. He simply argues that petitions containing the gist of a constitutional issue should not be dismissed, and that his petition contained such an issue.

The petitioner's fourth claim for habeas corpus relief fails.

### B. Preserved Claims

Petitioner argues that the trial court abused its discretion when it sentenced him to consecutive periods of imprisonment. He argues that consecutive sentences are appropriate only in those instances where a defendant poses a serious threat to public safety. Petitioner asserts that the record did not support a finding that he presented such a threat.

■ ■ In conducting habeas review, this court is limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States. *See Estelle,* 502 U.S. at 67, 112 S.Ct. at 480; *Haas v. Abrahamson,*

910 F.2d 384, 389 (7th Cir.1990). Petitioner does not here complain of an imperfection in the criminal process, nor does he contend that the sentence imposed exceeds the maximum limits for armed robbery and forgery in the Illinois sentencing scheme. In the absence of constitutional claims made against state sentences, this court cannot review them as such. And, in any event, the state trial court's determination of petitioner's sentence, as reflected in the record, does not reveal that the court strayed from Illinois law.

Petitioner's fifth claim for habeas corpus review fails.

### CONCLUSION

Petitioner Joseph Moses' Petition for a Writ of Habeas Corpus is denied with prejudice.