**Robert WALBERG, Petitioner-Appellant,**

v.

**Thomas ISRAEL, Respondent-Appellee.**

No. 84-2435.

United States Court of Appeals, Seventh Circuit.

Oct. 23, 1985.

William J. Tyroler, Wis. State Public Defender, Milwaukee, Wis., for petitioner-appellant.

Christopher G. Wren, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for respondent-appellee.

Before CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This is an application for bail by a state prisoner who prevailed in a federal habeas corpus proceeding, and who wants us to grant bail pending action by the Supreme Court on the state's petition for certiorari. The application raises somewhat novel issues, but ones capable of recurring, so we have decided to rule on it in a published opinion.

Walberg was convicted of burglary and given a long prison sentence after a trial in which—we held earlier this year on appeal from the denial of his petition for federal habeas corpus—his constitutional right to the effective assistance of counsel had been violated. *Walberg v. Israel,* 766 F.2d 1071 (7th Cir.1985). We ordered the state to release him unless it gave him a new trial within 120 days, but we stayed our mandate to allow the state to petition the Supreme Court for certiorari, and it has done so.

Rule 23(c) of the Federal Rules of Appellate Procedure provides that "pending review of a decision ordering the release of a prisoner in [a habeas corpus proceeding] the prisoner shall be enlarged upon his recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court shall otherwise order." This language has been interpreted to create a presumption in favor of bail pending review, since Rule 23(b), which governs bail

pending review of a decision refusing to release the prisoner, provides that the prisoner may be admitted to bail, or not, "as may appear fitting to the court or justice or judge," etc.

■ The state argues, contrary to the position taken by Justice Harlan in *United States ex rel. Cerullo v. Follette,* 396 U.S. 1232, 90 S.Ct. 146, 24 L.Ed.2d 56 (1969) (in chambers), that exclusive jurisdiction to enforce Rule 23 lies in the Supreme Court when as in this case that is the court in which review of the decision to release the prisoner is being sought. The state argues that the Supreme Court knows better than we do how long its own review will take and with what likely results; and these are important factors in deciding whether to admit the applicant to bail. However, the usual rule with stays, and it applies with equal force to bail, is that the lower court is asked first, and the higher court afterward if necessary. That is the practice for example with regard to bail pending appeal from a federal criminal conviction. See Fed.R.App.P. 9(b). We do not know as much about the Supreme Court's timetable or the likely outcome of its consideration of the state's petition for certiorari as the Court does, true, but we know enough about the facts and issues to make an informed if not necessarily final decision on the application for bail, and nothing in the rules suggests that we lack the power to decide. The Supreme Court has heavier responsibilities than we do and if we can lighten its load by giving at least preliminary consideration to the application for bail, we should. Any doubt about our power is dispelled by Rule 41 of the Supreme Court's Rules. The rule provides explicitly that pending review in the Supreme Court of a federal habeas corpus decision, the prisoner may be released on bail "as may appear fitting to the court, Justice, or judge rendering the decision, or to the court of appeals or to this Court or to a judge or Justice of either court," if the decision was not to release the applicant for habeas corpus, Rule 41.2; and if the decision was to release the applicant, he

shall be admitted to bail unless such a court, judge, or Justice "shall otherwise order," Rule 41.3. Rule 41 is virtually identical to Rule 23 of the appellate rules, but makes even clearer that the court of appeals can act on an application for bail even if the case is pending in the Supreme Court.

■ The next issue, on which we can find no cases, is whether Rule 23(b) or Rule 23(c) applies. We did not order Walberg's unconditional release. He is not entitled to an unconditional release. His conviction was vitiated by constitutional error, but there is no reason to suppose that the state cannot retry him in an error-free trial and convict him, since the evidence of his guilt is, as we remarked in our opinion, overwhelming. It would seem though to make no practical difference whether we say that this circumstance brings the case within the orbit of Rule 23(b) because we have not, realistically speaking, ordered Walberg's release, or to say that it rebuts the presumption in Rule 23(c). That presumption dates from an era, now far in the past, when habeas corpus lay only to test the jurisdiction of the detaining authority. (The principle embodied in Rule 23(c) has been a part of federal law since at least 1886, as explained in *United States ex rel. Thomas v. New Jersey*, 472 F.2d 735, 742–43 (3d Cir.1973).) If a determination is made that there is no jurisdiction to detain the applicant, that in other words he is entitled to his unconditional release, he ought to be left at large until and unless the order to release him is reversed by a higher court. But now that habeas corpus is used as a method of correcting a broad range of constitutional errors committed in state criminal trials, the presumption in Rule 23(c) can easily be rebutted by showing that the state is quite likely to be able to retry, reconvict, and reimprison the applicant, and that therefore he should not be released, the error in his existing incarceration being readily curable.

■ A further factor rebutting the presumption of Rule 23(c) in this case—if indeed Rule 23(c) and not Rule 23(b) is applicable to cases of conditional release—is that after our decision came down Walberg offered to plead guilty to the crimes of which he had been convicted in the proceeding that we said was constitutionally flawed. The state declined the offer because it wanted to pursue its application for certiorari. But if Walberg is willing to plead guilty, this is a pretty good indication that he will remain in prison for at least as long as the Supreme Court takes to act on the state's petition for certiorari—especially given his very long criminal record, which we remarked in our decision.

For these reasons we think the application for bail should be, and it is,

DENIED.