**Burdette WOODS, Plaintiff,**

v.

**Donald CLUSEN, Defendant.**

No. 84–C–1377.

United States District Court,
E.D. Wisconsin.

July 11, 1986.

Asst. State Public Defender William J. Tyroler, Milwaukee, Wis., for plaintiff.

Asst. State Atty. Gen. Sally Wellman, Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

By decision and order dated March 13, 1985, I granted the petitioner's application for habeas corpus relief on the ground that the state had obtained his confession in violation of the fifth amendment. On March 26, 1985, I granted the respondent's motion to stay the court's March 13, 1985, order, pending resolution of an appeal to the court of appeals for the seventh circuit. On June 25, 1986, the seventh circuit affirmed my order granting the petitioner habeas corpus relief. The petitioner now moves for release on bail, or enlargement as it is referred to in the context of an application by a successful habeas petitioner, pursuant to Rule 23(c), Federal Rules of Appellate Procedure.

■ Rule 23(c), Rules of Appellate Procedure, provides that "[p]ending review of a decision ordering the release of a prisoner in ... a [habeas] proceeding, the prisoner shall be enlarged upon his recognizance, with or without surety, unless the court, or judge rendering the decision ... shall otherwise order." "This language has been interpreted to create a presumption in favor of bail pending review...." *Walberg v. Israel,* 776 F.2d 134 (7th Cir.1985); *Carter v. Raferty,* 781 F.2d 993, 994 (3d Cir. 1986); *see also Jago v. U.S. Dist. Ct.,* 570 F.2d 618, 624 (6th Cir.1978), and *United States ex rel. Thomas v. State of New Jersey,* 472 F.2d 735, 743 (3d Cir.1973), holding that from the history of Rule 23(c), Federal Rules of Appellate Procedure, it is clear there is a strong presumption that a petitioner holding a judgment that his detention is unlawful should not be left in state custody. However, "the presumption in Rule 23(c) can easily be rebutted by showing that the state is quite likely to be able to retry, reconvict, and reimprison the applicant, and that therefore he should not be released, the error in his existing incarceration being readily curable." *Walberg, supra,* 776 F.2d at 136.

■ The respondent has offered no basis or rationale for rebutting the presumption of Rule 23(c) in this case. The instant case is unlike the situation in *Walberg,* where the evidence of guilt was "overwhelming," giving the court of appeals every reason to suppose that an error-free retrial and reconviction would ensue, 776 F.2d at 136. Here the case against Mr. Woods has been declared to be without foundation without his unconstitutionally obtained confession. An affidavit in the record submitted by one of the assistant district attorneys who assisted in the investigation which led to the filing of murder charges against Mr. Woods, states that "if the decision of [this court] is not overturned, the defendant, Burdette Woods, will go free inasmuch as there is not enough additional evidence for the state to bring him to trial." Bruno affidavit at par. 4. Thus, the error in Mr. Woods' existing incarceration is not readily curable, *Walberg* is distinguishable, and

the Rule 23(c) presumption stands unrebutted.

■ Respondent argues that Rule 23(d), Federal Rules of Appellate Procedure, bars the petitioner's release pending review. Rule 23(d) provides that "[a]n initial order respecting the custody or enlargement of the prisoner and any recognizance or surety taken, shall govern review in the court of appeals and in the Supreme Court...." No such "initial order" has been entered in this matter; the court's stay order of March 26, 1985, was entered pursuant to Rule 8, Federal Rules of Appellate Procedure, concerning stays pending appeal, not Rule 23, concerning the custody of prisoners in habeas corpus proceedings. In any case, during the pendency of the appeal process the district court retains power to issue more than one order respecting the custody or enlargement of the successful habeas petitioner. *See Jago, supra,* 570 F.2d at 626.

The respondent further contends that the March 26, 1985, stay of the order conditionally granting the petition for a writ of habeas corpus "should continue in force and effect until respondent's opportunity to seek reconsideration or to file an appeal in the U.S. Supreme Court ... has expired." Respondent's brief at p. 1. However, respondent's motion for a stay sought to delay execution of this court's mandate "pending resolution of an appeal to the Seventh Circuit." Respondent's brief in support of motion for stay at p. 5. Now that the court of appeals has resolved the respondent's appeal in petitioner's favor, "the writ of habeas corpus shall be issued unless trial is commenced within 90 days of the date" of the affirmance, June 25, 1986. Under the circumstances in the matter at bar, this court will not presume to stay the mandate of the court of appeals.

■ The power of the district court to order enlargement of the successful habeas corpus petitioner "is not diminished where, as here, the writ is conditionally granted." *Johnson v. Skully,* 563 F.Supp, 851, 881 (E.D.N.Y.1982). Because the successful

habeas corpus petitioner in this case is not likely to be retried and reconvicted in an error free trial, and the respondent has offered no other evidence to rebut the presumption as set forth in *Walberg*, requiring the prisoner to remain in state custody for 90 days would serve no proper purpose. *See Carter, supra*, 781 F.2d at 995–98. In short, enlargement is not improper under the "so-called 'conditional' grant of the writ." *Thomas, supra*, 472 F.2d at 743, n. 7.

It would indeed be anomalous if the federal court were required to wait for the expiration of the "conditional" period, in this case 90 days from the date of the court of appeals affirmance, before it could exercise its discretion to grant a successful habeas corpus petitioner's request for enlargement pursuant to Rule 23(c). This result would render the rule superfluous, since if the state fails to commence his retrial within the prescribed period, the writ will issue unconditionally, and his is no longer required to seek enlargement in a court of law, be it state or federal. He is at that point unconditionally free. Thus, denial of an application for enlargement pursuant to Rule 23(c) may not be based solely on the conditional nature of the writ granted.

"Release may only be challenged ... if matters are put in issue relating to a petitioner's ability to respond to federal process, or which in some other respect relate to a federal interest." *Carter, supra*, 781 F.2d at 996–97. Respondent has not placed any such matter into issue in connection with the instant application. However, the Bruno affidavit indicates that petitioner has few ties to Wisconsin, and there is a risk of his fleeing the jurisdiction if enlarged on his own recognizance. Petitioner disputes these contentions. *See* Tyroler affidavit in response to motion for stay pending appeal. Because neither side has had an adequate opportunity to present its views as to whether and on what conditions this court can assure petitioner's presence in subsequent federal proceedings, *see Carter, supra*, 781 F.2d at 998, a hearing will be scheduled to determine the terms of the recognizance and the surety, if any, required to assure Mr. Woods' availability for retrial and compliance with any court orders.

This court has already declared the petitioner's conviction and continued incarceration unconstitutional. That ruling has been upheld on appeal. That the United States Supreme Court may accept review of the court of appeals' decision and reverse is not sufficiently likely to justify petitioner's continued detention in contravention of Rule 23(c).

Therefore, IT IS ORDERED that the petitioner's motion for enlargement, pursuant to Rule 23(c), Federal Rules of Appellate Procedure, be and hereby is granted, but such order is stayed pending a hearing as to the terms of such enlargement.

IT IS ALSO ORDERED that such hearing be held in Courtroom 225, U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, at 11:00 A.M., Friday, July 18, 1986. This court will issue a writ to assure the presence of Mr. Woods at the hearing.