**UNITED STATES of America ex rel. Gary BARNARD, Petitioner-Appellee,**

v.

**Michael LANE, Director, Illinois Department of Corrections, Respondent-Appellant.**

No. 86–1948.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1986.
Decided May 20, 1987.

Before WOOD, and POSNER, Circuit Judges, and WILL, Senior District Judge.[*]

HARLINGTON WOOD, Jr., Circuit Judge.

The State of Illinois has appealed from a magistrate's order granting a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982) to petitioner, Gary Barnard. The grant of the petition was based on the magistrate's holding that Barnard had been denied his sixth amendment right to effective assistance of counsel. The State asserts that Barnard's procedural default in failing to present his claim of ineffective assistance of trial counsel on direct appeal precludes federal habeas corpus review of that claim. We disagree and affirm the magistrate's order.

## I. FACTUAL BACKGROUND

The facts are not in dispute. At about 7:45 p.m. on June 15, 1981, Officer Bill Adams of the Harrisburg Police Department received a telephone call from an individual who identified himself as Gary Barnard of 207 McIlrath. Barnard said he had just shot Dennis Price and that the police should come and send an ambulance.

Earlier in the evening, Price, Larry Moore, and Stanley Jackson had driven up to Barnard's home. The three had been drinking. Barnard went out to the automobile and briefly spoke with the three, who then left to get something more to drink. Barnard returned to the house to watch television. After a while, fearing that the men might return and cause some trouble, Barnard went into his bedroom and loaded a .22 caliber pistol. Price and Moore returned and entered Barnard's house without invitation. Price and Moore began arguing with each other and continued to argue for about half an hour when Barnard asked them to leave. When they made no attempt to do so, Barnard went to his bedroom and came back with the pistol. Price started walking toward Barnard with his

Judith H. Schlessinger, Asst. Atty. Gen., Springfield, Ill., for respondent-appellant.

David R. Aplington, Thompson & Mitchell, St. Louis, Mo., for plaintiff-appellee.

[*] The Honorable Hubert L. Will, Senior District Judge of the Northern District of Illinois, is sitting by designation.

hands held above shoulder height, saying, "You don't want to do that, man." Barnard fired one shot into Price's chest when Price was about six feet away from him. Barnard immediately called the police. Price died from the wound.

Barnard was charged by information in the Circuit Court of Saline County with three counts of murder and three counts of armed violence. A jury convicted Barnard of one count of murder, and found him not guilty of armed violence. He was sentenced to twenty-five years imprisonment and fined $5,000. The appellate court, without opinion, vacated that part of the circuit court order imposing a fine and remanded to the circuit court for further proceedings on Barnard's ability to pay a fine. The appellate court affirmed the remainder of the circuit court's judgment. *People v. Barnard*, 115 Ill.App.3d 1161, 78 Ill.Dec. 254, 461 N.E.2d 1088 (5th Dist. 1983). The Supreme Court of Illinois affirmed the appellate court. *People v. Barnard*, 104 Ill.2d 218, 83 Ill.Dec. 585, 470 N.E.2d 1005 (1984).

On December 26, 1984, Barnard, now an inmate at Menard Correctional Center, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. The parties consented under 28 U.S.C. § 636(c) (West Supp.1987) to final entry of judgment by a United States Magistrate. After a hearing the magistrate granted Barnard's petition for the writ by order dated May 22, 1986. The State of Illinois has appealed this grant.

## II. DISCUSSION

The State argues that Barnard's procedural default in failing to present his claim of ineffective assistance of trial counsel on direct appeal precludes federal habeas corpus review of that claim. Under Illinois law, "issues that could have been presented on direct appeal, but were not, are deemed to have been waived." *People v. Barnard*, 104 Ill.2d 218, 228, 83 Ill.Dec. 585, 470 N.E.2d 1005 (1984) (citing *Hammond v. North American Asbestos Corp.*, 97 Ill.2d 195, 209, 73 Ill.Dec. 350, 454 N.E.2d 210 (1983); *Harris Trust & Savings Bank v.*

*Duggan*, 95 Ill.2d 516, 526, 70 Ill.Dec. 195, 449 N.E.2d 69 (1983)).

### A. Supreme Court of Illinois

The Supreme Court of Illinois found that because Barnard's arguments related to the issue of whether he had been denied effective assistance of counsel, the waiver doctrine ought not bar these issues from consideration. 104 Ill.2d at 229, 83 Ill.Dec. 585, 470 N.E.2d 1005 (citing *People v. Frank*, 48 Ill.2d 500, 503, 272 N.E.2d 25 (1971)). The court also noted, however, that counsel was not obligated to "brief every conceivable issue on appeal," *Barnard*, 104 Ill.2d at 230, 83 Ill.Dec. 585, 470 N.E.2d 1005, and that it was not incompetence for counsel to fail to raise issues which, in his judgment, were meritless, unless counsel's evaluation of the merits was patently wrong. *Id.*

Barnard had argued to the Supreme Court of Illinois that his trial counsel was ineffective because he failed to object to hearsay testimony and failed to submit a jury instruction on murder which contained the element of justification, Barnard's only defense. Barnard also argued that his appellate counsel was ineffective because he did not raise on appeal trial counsel's failures to object to hearsay testimony, to move for a mistrial, and to make offers of proof on appeal. The Supreme Court of Illinois held that appellate counsel's failure to raise these issues on appeal was not patently wrong; the issues thus were waived. *Id.*, at 231, 83 Ill.Dec. 585, 470 N.E.2d 1005; *see also Hammond*, 97 Ill.2d at 209, 73 Ill.Dec. 350, 454 N.E.2d 210; *Duggan*, 95 Ill.2d at 526, 70 Ill.Dec. 195, 449 N.E.2d 69.

### B. Cause-and-Prejudice Standard

Failure to comply with the state's procedural rules, in this case, failing to raise trial counsel's ineffectiveness on appeal, is a procedural default which precludes federal habeas corpus review unless the petitioner can demonstrate (1) good cause for the noncompliance and (2) prejudice resulting from the failure to comply. *Reed v. Ross*, 468 U.S. 1, 11, 104 S.Ct. 2901,

2908, 82 L.Ed.2d 1 (1984); *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Engle v. Isaac,* 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977); *Cartee v. Nix,* 803 F.2d 296, 300 (7th Cir.1986), *cert. denied,* ——— U.S. ———, 107 S.Ct. 1584, 94 L.Ed.2d 774 (1987); *Nutall v. Greer,* 764 F.2d 462, 464 (7th Cir.1985); *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983) (in banc).

The Seventh Circuit has held that "cause should be given 'a flexible definition that may change depending on the degree of prejudice shown.'" *United States ex rel. Tonaldi v. Elrod,* 782 F.2d 665, 668 (7th Cir.1986) (quoting *Clay v. Director, Juvenile Division, Department of Corrections,* 749 F.2d 427, 434 (7th Cir.1984), *cert. denied,* 471 U.S. 1108, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985)). A recent Supreme Court decision, however, calls into question the degree of flexibility a court has in determining cause for a default. *Murray v. Carrier,* ——— U.S. ———, 106 S.Ct. 2639, 2648–50, 91 L.Ed.2d 397 (1986). The Court emphasized that as a rule *"both* cause and prejudice must be shown, at least in a habeas corpus proceeding challenging a state court conviction." *Id.* at 2649 (emphasis in original). The Court held that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." The Court noted that the unavailability to counsel of the legal or factual basis of a claim, *Reed v. Ross,* 468 U.S. at 16, 104 S.Ct. at 2910, or interference by officials which makes compliance impracticable, *Brown v. Allen,* 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed. 469 (1953), are two examples of what would constitute cause under the new standard. *Carrier,* 106 S.Ct. at 2646.

 Another example of cause for procedural default is ineffective assistance of counsel. As the Supreme Court recently reiterated, "the right to counsel is the right to effective assistance of counsel." *Kimmelman v. Morrison,* ——— U.S. ———, 106 S.Ct. 2574, 2584, 91 L.Ed.2d 305 (1986). When a constitutional claim is waived because of ineffective assistance of counsel, the responsibility for the default is imputed to the state under the sixth amendment. The state may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance." *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). The petitioner, however, generally must exhaust his claim in the state courts before seeking habeas corpus relief. *Carrier,* 106 S.Ct. at 2646.

The magistrate found that Barnard had waived several of his claims in the Illinois courts. Thus, federal habeas corpus review would be precluded unless Barnard could demonstrate cause for the default, and prejudice arising therefrom. The magistrate, addressing only Barnard's claim of ineffective assistance of trial counsel, found that this claim was waived in the Illinois appellate court. Barnard argued, and the magistrate found, that the cause for this default was that Barnard was denied the effective assistance of appellate counsel. The magistrate also found that Barnard was prejudiced by the default because he was denied a full review of his constitutional claims. Finding adequate cause and prejudice to overcome the waiver doctrine, the magistrate went on to consider the merits of Barnard's claim of ineffective assistance of counsel.[1]

The State argues on appeal that the magistrate was incorrect in finding that Barnard had established cause for his procedural default. The State argues that Barnard's appellate counsel provided competent assistance under the applicable standard described in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, the State

---

1. Because Barnard presented his claim of ineffective assistance of counsel to the Supreme Court of Illinois, and the court ruled on it, he

has satisfied the exhaustion requirement. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir.1985).

insists, Barnard was unable to demonstrate prejudice from the default.

▇ "[B]ecause we must apply federal law to a fixed state court record, we are not bound [by the state court's ruling] ... nor by the federal district court's ruling...." *United States ex rel. Tonaldi v. Elrod,* 716 F.2d 431, 437 (7th Cir.1983) (citing *United States v. Curcio,* 694 F.2d 14, 22 (2d Cir.1982)). We find, however, that the magistrate correctly applied the law to the record before him, and we therefore adopt his ruling.[2]

### C. Ineffective Assistance of Counsel

The standard for ineffective assistance of counsel under the sixth amendment was announced by the Supreme Court in *Strickland v. Washington.* "First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at 687, 104 S.Ct. at 2064. The Court declined to list specific guidelines for attorneys to follow, holding instead that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.,* at 688, 104 S.Ct. at 2065. The standard for prejudice requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. *See also United States ex rel. Duncan v. O'Leary,* 806 F.2d 1307, 1312 (7th Cir.1986); *Walberg v. Israel,* 766 F.2d 1071, 1075 (7th Cir.1985).

Although the Supreme Court of Illinois determined that Barnard was not denied the effective assistance of counsel by either his trial counsel or his appellate counsel, we are not bound by that determination. "[I]n a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d).... Rather ... it is a mixed question of law and fact." *Strickland,* 466 U.S. at 698, 104 S.Ct. at 2070.

Because inquiry into the competence of appellate counsel is so closely linked to the competence of trial counsel, we will first discuss trial counsel's performance.

### 1. Trial Counsel

Trial counsel was faced with a difficult case. Barnard had admitted that he shot Price, and that he had loaded his gun because he thought that the three men "might come back and want to cause some trouble." Under Illinois's homicide statute, the State had only to prove that Barnard had killed Price, and, without justification, Barnard had either intended to kill Price or had known that his acts would, or probably would, result in death. Ill.Rev.Stat. ch. 38, ¶ 9–1(a)(1), (2) (1981). With Barnard's testimony that he shot Price[3] and had loaded

---

**2.** Federal habeas corpus review is precluded when a

state appellate court affirms a state trial court decision on the "twin grounds" of (1) lack of merit for the constitutional claim and (2) the petitioner's failure, without justification, to comply with a state procedural rule, unless of course the petitioner demonstrates in federal court cause and prejudice for the procedural default.

*Goins v. Lane,* 787 F.2d 248, 251 (7th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 165, 93 L.Ed.2d 103 (1986). The Supreme Court of Illinois based its affirmance of the appellate court (which had affirmed the Saline County court's verdict on Barnard's guilt) on these twin grounds. Because Barnard has demonstrated adequate cause for and prejudice from the default, however, federal habeas corpus review is available to Barnard.

**3.** Barnard testified that after he asked Price and Moore to leave and they failed to do so, he went to the bedroom and got his gun. When his attorney asked him what he did next, Barnard replied as follows:

A I came back out. I pointed it at Dennis Price.
Q You pointed the gun at Dennis Price?
A Yes....

Dennis Price was standing. He was facing me. And Larry Moore was setting down. I said, "I mean for you'uns to leave now. I want you to leave right now", and Dennis, he kinda went like this and started—took a couple of steps toward me, saying "You don't want to do that man. You don't want to do that". And I knew I was in trouble then. I pulled the trigger.

The jury could reasonably have inferred from this testimony that Barnard had, if not intended

the gun anticipating trouble, the State probably had enough evidence to convict Barnard unless Barnard's conduct was justified. Justification appears to have been Barnard's only defense. Trial counsel, recognizing this, said in his opening statement that he would raise self-defense and defense of Barnard's dwelling. Counsel was somewhat hampered in presenting this defense when the trial court refused to allow counsel to present evidence of Price's reputation for violence. Barnard, however, did testify as to his fears about what Price might do.

One of trial counsel's major errors occurred in the instruction conference.[4] The State tendered Illinois Pattern Jury Instruction 7.02 on the elements of the murder charge. The instruction does not specify that the State must show the defendant had no justification for his action. Trial counsel objected to the instruction for that reason. The State argued, somewhat obliquely, that a self-defense instruction, which would present the jury with a justification, should not be given unless there was some evidence to establish self-defense. The court found that under Illinois law if there was any evidence of self-defense, even evidence injected by the defendant himself, the court would have to give a manslaughter instruction. *See People v. Lockett*, 82 Ill.2d 546, 45 Ill.Dec. 900, 413 N.E.2d 378 (1980). The court refused the State's instruction, and asked Barnard's tri-

al counsel whether he had an instruction that included the justification element. Trial counsel responded that he did, but asked the court whether submitting the justification instruction would require a manslaughter instruction as well. The court asked if counsel was making a motion. Trial counsel replied that he was not, and withdrew his instruction. The court then decided to give the State's instruction over defendant's objection.

The Supreme Court of Illinois found that trial counsel's strategy was to present the jury only with the options of finding Barnard guilty or not guilty of murder. Trial counsel apparently believed that if the jury had only these two options they would be likely to find Barnard not guilty, but that if they were given the choice of finding Barnard guilty of manslaughter, they would be less likely to acquit him. The court found that this strategy did not demonstrate incompetence of counsel.

This all-or-nothing approach of trial counsel, however, left Barnard with no defense at all. Barnard himself testified that he had loaded his gun anticipating trouble with Price, Moore, and Jackson, and that when trouble arose, he shot Price in the chest. A jury following the instructions Barnard's jury received, that the defendant committed murder if he acted intending to kill, or knowing that his act would or probably would cause death or great bodily

---

to kill Price, at least known that shooting him would be likely to cause Price's death.

**4.** The magistrate also found "glaring" trial counsel's error in failing to present "substantial offers of proof concerning the victim's reputation" to the trial court. The trial court refused to allow Price's character to come into evidence, because the court found that Barnard's trial counsel had not laid the proper foundation for the evidence. Trial counsel's offer of proof consisted of the following: "My next witness would testify, Your Honor, as to the reputation of the deceased, Dennis Price; we anticipate that those witnesses would testify that the reputation of Dennis Price was one of violence and not peacefulness."

Illinois courts have held that offers of proof generally must demonstrate the materiality, relevancy, and admissibility of the evidence offered. *McMahon v. Richard Gorazd, Inc.*, 135 Ill.App.3d 211, 89 Ill.Dec. 944, 481 N.E.2d 787

(5th Dist.1985); *First National Bank of Chicago v. Porter*, 114 Ill.App.3d 1, 69 Ill.Dec. 796, 448 N.E.2d 256 (2d Dist.1983). Although "[a] formal offer of proof, in the form of questions to the witness outside the hearing of the jury, is no longer always required, ... unsupported speculation by counsel is an insufficient offer of proof." *Yassin v. Certified Grocers of Illinois*, 150 Ill.App.3d 1052, 104 Ill.Dec. 52, 502 N.E.2d 315 (1st Dist.1986). Judged by this standard, trial counsel's offer of proof is deficient because it is just the sort of speculation the appellate court forbade in *Yassin*. And by failing to make an adequate offer of proof to the trial court, trial counsel may ultimately have prevented the jury from hearing exculpatory evidence. *See, e.g., People v. Lynch*, 104 Ill.2d 194, 83 Ill.Dec. 598, 470 N.E.2d 1018 (1984). This deficiency, however, is subsumed in the general discussion of trial counsel's failure to provide effective assistance to Barnard.

harm, would have no alternative but to find Barnard guilty. Trial counsel's belief that the jury would acquit Barnard of murder could only be based on hope that the jury would for some reason fail to follow instructions, because counsel's deficient conduct deprived them of the opportunity to find other than they did.

The jury's confusion was evident when, after deliberating for a little more than three hours, the jury sent three questions to the court:

Can we find Mr. Barnard guilty of armed violence without finding him guilty of murder?

There is [sic] three different definitions of murder. Also, three definitions of armed violence. Do we have to find him guilty or not guilty of any one of these definitions or all three definitions?

Is there any way to find him guilty of a lesser charge other than murder or armed violence?

The court discussed these questions with both counsel, who agreed to the following answer:

You cannot find the defendant guilty of armed violence without finding him guilty of murder. You can find the defendant guilty of murder on any one of the three counts. You do not have to find him guilty of all three counts of murder in order to return a guilty verdict on the murder charge. The same is true of the armed violence charges. You cannot find the defendant guilty of a charge other than murder or armed violence.

Four-and-a-half hours later the jury reported that they were deadlocked. The court read the jury a deadlock instruction. One hour later the jury submitted another question: "Can we find Barnard guilty of one count of murder and not guilty of armed violence?" The court responded that "[t]he jury has the authority to find the defendant guilty of one count of murder and not guilty of armed violence." Barnard's trial counsel objected to this response.

Almost an hour later, the jury asked the court another question. "We want to know if we can charge Barnard with one count of murder and can we specify which count that is or by signing the guilty form, would we be charging him with all three counts automatically?" The court's response was that "[i]f the jury finds the defendant guilty of one count of murder beyond a reasonable doubt, all that is required is signing an appropriate verdict form. This does not mean that the jury would be finding the defendant guilty of all three counts of murder."

Moments later, the jury asked "[i]f we find Barnard guilty of this one charge, will it be read and agreed this to be the only charge?" According to the court, "[a]fter discussing this matter with counsel in chambers, it would appear that the only answer this court can give at this time is as follows: 'The answer to the former question submitted by the jury to the court applies and that is all I can say at this point.'"

One-half hour later the jury returned verdicts of guilty of murder (with the handwritten notation "on one count only") and not guilty of armed violence.

The Illinois Supreme Court in its opinion found that "[b]y propounding the questions to the judge, the jury indicated that there was a reluctance to find the defendant guilty of murder." *Barnard,* 104 Ill.2d at 237, 83 Ill.Dec. 585, 470 N.E.2d 1005. The court reasoned that this reluctance may have encouraged trial counsel to continue to withhold justification and manslaughter instructions. The court characterized this as a tactical choice and held that appellate counsel was not "patently wrong" in failing to raise this issue on appeal.

■ Far from being a mere tactical choice, trial counsel's decision to withhold justification and manslaughter instructions, in the face of the jury's clear reluctance to find Barnard guilty of murder, was a prejudicial error which forced the jury to convict Barnard. The jury did not have any grounds on which to do otherwise. The jury was instructed on the elements of murder, and Barnard's own testimony was sufficient to prove those elements. The jurors may have believed that Barnard's

actions were not what one may associate with cold-blooded premeditated murder; perhaps his fear made his actions seem more reasonable. But the jury, given Barnard's testimony and the instructions they were bound to follow, could hardly do less than find Barnard guilty of murder. The spectrum of counsel's legitimate tactical choices does not include abandoning a client's only defense in the hope that a jury's sympathy will cause them to misapply or ignore the law they have sworn to follow. By failing to tender instructions that would allow the jury to consider Barnard's justification and denying them the option of finding him guilty of a lesser offense, trial counsel defaulted in his obligation to Barnard.[5] As the Supreme Court noted in *Beck v. Alabama*, 447 U.S. 625, 637, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980), a capital offense case,

> when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense, but leaves some doubt with respect to an element that would justify conviction of a capital offense—the failure to give the jury the "third option" of conviction on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction.

The Court ruled that such a risk could not be tolerated "in a case in which the defendant's life is at stake," and held that Alabama was constitutionally prohibited from withholding instructions on lesser included offenses in capital cases. *Id.* The Court expressly declined to rule on the question whether due process would require courts to give instructions on lesser-included offenses in noncapital cases. We have similarly declined to decide the question. *See Nichols v. Gagnon*, 710 F.2d 1267, 1269–72 (7th Cir.1983) (discussing *Beck* at some length), *cert. denied*, 466 U.S. 940, 104 S.Ct. 1918, 80 L.Ed.2d 465 (1984). We find,

however, that where, as here, defense counsel fails even to tender such instructions, and that failure is prejudicial to the defendant, that failure can amount to a denial of the defendant's sixth amendment right to effective assistance of counsel.

### 2. Appellate Counsel

Appellate counsel did not raise the issue of ineffective assistance of trial counsel on appeal. The State suggests that appellate counsel was appropriately "winnowing out" a weak argument to focus on stronger claims. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The magistrate found, however, and we agree, that failing to raise the issue amounted to ineffective assistance of appellate counsel. This failure prevented Barnard from obtaining a review on the claim in the appellate court, a review which, if unfavorable, could have been followed by a second review in the Supreme Court of Illinois. As we have demonstrated, trial counsel denied Barnard his sixth amendment right to effective assistance of counsel by failing to advance Barnard's only defense: justification. And appellate counsel was equally ineffective in failing to raise the issue for appellate review.

### III. CONCLUSION

For the above-mentioned reasons, the magistrate's order granting Barnard's petition for a writ of habeas corpus is affirmed.[6] Execution of the writ is stayed on condition that the State of Illinois grant Barnard a new trial on the charges resulting in his conviction within a reasonable time not to exceed ninety days, and diligently and without delay prosecute the charges to final conclusion. Barnard is not entitled to an unconditional release; his request to be released on bail pending the outcome of the new trial is therefore de-

---

**5.** The instructions the jury received on the armed violence charges included the element of justification. The jury acquitted Barnard of armed violence.

**6.** The State submitted as part of the appendix to its brief an annotated copy of the magistrate's order. As Judge Posner suggested at oral argu-

ment, this court does not appreciate counsel's gratuitous comments on the merits of the district court's reasoning, particularly when those comments include profanity. Counsel would be well advised to keep their working copies for their own files and to refrain from including them in briefs to this court.

nied. *See Walberg v. Israel,* 776 F.2d 134 (7th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985).

AFFIRMED.