UNITED STATES of America ex rel.
James KILLINGS, Petitioner,

v.

Michael P. LANE, and Michael V.
Neal, Respondents.

No. 88 C 1546.

United States District Court,
N.D. Illinois, E.D.

Aug. 2, 1988.

James Killings, Danville, Ill., pro se.

Kenneth A. Fedinets, Terence Madsen, Criminal Appeals Div., Office of the Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On December 2, 1985, James Killings was convicted in an Illinois bench trial of murder and attempted murder. On December 13, the trial court sentenced him to concurrent terms of thirty and twenty years for these crimes. An Illinois State public defender represented him at trial and at sentencing.

Killings, still represented by the state public defender's office, appealed the verdict and sentence to the Fourth District Appellate Court of Illinois, raising three grounds: that the trial court deprived him of a fair trial by failing to grant him continuances necessary to prepare his defense; that the trial court erred in permitting an unqualified witness to testify on the circumstances of the gunshot which caused the murder; and that the trial court relied on an improper aggravating factor in imposing sentence. On December 16, 1986, the appellate court denied the appeal. *People v. Killings*, 150 Ill.App.3d 900, 103 Ill. Dec. 825, 501 N.E.2d 1363 (1986). Killings did not petition for leave to appeal to the Illinois Supreme Court, *see* Illinois Supreme Court Rule 315(b), Ill.Rev.Stat. ch. 110A, § 315(b), nor did he pursue any Illinois post-conviction remedies.

On February 22, 1988, Killings petitioned this court for a writ of habeas corpus on the same grounds he had raised in his direct appeal to the Illinois appellate court. Perhaps aware that his failure to seek review in the state supreme court presents a substantial obstacle to his petition here, *U.S. ex rel. Barnard v. Lane*, 819 F.2d 798, 800–01 (7th Cir.1987), petitioner explains in his petition that he skipped that procedure because he had not received "full and fair hearing[s]" from the trial and lower appellate Illinois courts.

■ Yet, even assuming that this is true, error in the lower courts does not entitle a state defendant to forego state appellate procedures and proceed directly to federal court. State prisoners *must* exhaust available state court remedies before seeking federal habeas relief, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Varnell v. Young*, 839 F.2d 1245 (7th Cir.1988), and when their failure to do so results in forfeiture of those reme-

dies, they are barred from federal court unless they "can demonstrate (1) good cause for the noncompliance and (2) prejudice resulting from the failure to comply." *U.S. ex rel. Barnard v. Lane,* 819 F.2d at 800 (setting forth factors which can constitute "cause and prejudice").

Plaintiff's explanation for his failure to seek Illinois Supreme Court review does not even approach good cause, *see Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); indeed, his explanation would not even have sufficed under the more lenient "deliberate by-pass" standard of a bygone era. *See Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1983) (procedural default occurs only when petitioner deliberately by-passes state court procedures through personal waiver amounting to "an intentional relinquishment or abandonment of a known right or privilege"). Thus, Killings' petition must be dismissed.

Before concluding, however, this court feels compelled to add a few comments. Some time after Killings filed his petition, he moved this court to appoint him counsel. This court has denied his request, not because it finds his grounds for seeking habeas relief to be frivolous, but instead because, in light of his procedural default, counsel cannot aid petitioner in his federal habeas quest—at least not for now.

Ordinarily, of course, a procedural default ends the story forever, since the very reason for this forefeiture lies in the petitioner's inability to obtain further review in the state courts; if state court remedies were still available, then the exhaustion doctrine, not procedural default, would apply.

In this case, however, it is possible that the procedural default evidenced on the face of Killings' habeas petition does not tell the whole story. If petitioner relied on the advice of counsel in deciding to skip his appeal to the state supreme court and to proceed directly to federal court, he might well have an ineffective assistance of counsel claim.

Since ineffective assistance of counsel by definition constitutes good cause and prejudice for a procedural default and thus overcomes the forfeiture that such a default usually brings, *U.S. ex rel. Barnard v. Lane,* 819 F.2d 801, Killings might wonder why this court will not appoint counsel now to determine whether he has an effective assistance claim. The reason is simple: If Killings has such a claim, he must first present it to the Illinois courts under the Illinois Post–Conviction Hearing Act, Ill. Rev.Stat. ch. 38, § 122–1 et seq. *Gray v. Greer,* 707 F.2d 965, 967 (7th Cir.1983); *United States ex rel. Clauser v. Shadid,* 677 F.2d 591, 593 (7th Cir.1982). *See also U.S. ex rel. Bachman v. Hardy,* 637 F.Supp. 1273, 1278 (N.D.Ill.1986) (discussing the various forms of Illinois post-conviction relief). If he does so, and if the Illinois courts do not grant him the relief he seeks, he may then return to federal court and renew his claim for a federal writ.

## CONCLUSION

The petition for appointment of counsel is denied and the petition for a writ of habeas corpus is dismissed.