919 F.2d 740
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorenzo CARPENTER, Petitioner-Appellant,
v.
James H. THIERET, Respondent-Appellee.
 No. 89-1594.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 8, 1990.*
Decided Dec. 10, 1990.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Lorenzo Carpenter filed in district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The parties agreed to disposition of the case by a magistrate, who denied the petition. We affirm.
 
 I. BACKGROUND
 
 2
 A jury found Carpenter guilty of armed robbery in 1978. At the sentencing hearing, the state introduced evidence that Carpenter escaped from Cook County Hospital while he was a Cook County Jail inmate seeking medical treatment, even though he was never charged with escape. The state also introduced evidence regarding pending charges for attempted sexual assault and attempted murder. After the circuit court sentenced Carpenter to a thirty year term of imprisonment, the state "nolle prossed"[1] the sexual assault and murder case.
 
 
 3
 Because of procedural problems in this case, we must review Carpenter's tortured path through the state and federal systems. On direct appeal the Appellate Court of Illinois affirmed the conviction. People v. Carpenter, 95 Ill.App.3d 722, 420 N.E.2d 640 (1981). Carpenter alleges that his appellate counsel agreed to file a petition for leave to appeal to the Supreme Court of Illinois but never did so. Three years later, he filed his first petition for habeas corpus, which the district court dismissed for failure to exhaust. Carpenter v. Thieret, No. 84-3161 (S.D.Ill. July 23, 1984). Carpenter then returned to state court where he filed a petition for post-conviction relief, which the circuit court denied. He also filed a belated petition for leave to appeal to the Supreme Court of Illinois on his direct appeal, which that court denied. People v. Carpenter, No. 7356 (May 30, 1985). The district court dismissed a second petition for habeas corpus because Carpenter's appeal from the denial of post-conviction relief was then pending before the Appellate Court of Illinois. Carpenter v. Thieret, No. 85-3284 (S.D.Ill.1985). After the appellate court affirmed, People v. Carpenter, No. 85-0579 (Jan. 6, 1986), Carpenter filed the instant petition.
 
 II. ANALYSIS
 A. Procedural default
 
 4
 Carpenter asks that this court reconsider its holding in Nutall v. Greer, 764 F.2d 462 (7th Cir.1985), regarding his argument that he was prejudiced at his sentencing hearing by the admission into evidence of other crimes. In Nutall this court held that a convicted state prisoner who fails to seek leave to present to the highest state court the constitutional objections that form the basis of his federal habeas petition waives those objections unless he can show cause for his default and prejudice from the alleged constitutional infirmities. 764 F.2d at 465; see also Buelow v. Dickey, 847 F.2d 420, 428 (7th Cir.1988); United States ex rel. Barnard v. Lane, 819 F.2d 798, 801 (7th Cir.1987); United States ex rel. Bonner v. DeRobertis, 798 F.2d 1062, 1065 (7th Cir.1986). Carpenter argues that we should make an exception to Nutall when the state's highest court has authoritatively ruled on an issue and the issue was given full consideration by the intermediate appellate court. We decline Carpenter's invitation to revisit this now settled rule at this time. The Supreme Court's decision in Castille v. Peoples, 109 S.Ct. 1056 (1989), cited by Carpenter, is inapposite to this case. Regarding exhaustion of state remedies, the Court in Castille held that the submission of a new claim to a state's highest court on discretionary review does not constitute a fair presentation. 109 S.Ct. at 1060. This case concerns the procedural default of a petitioner who failed to submit any claims to a state's highest court.
 
 
 5
 Applying Nutall to this case, we will assume that Carpenter has shown cause for his default on the sentencing evidence by his appellate counsel's failure to file a timely petition for review in the Illinois Supreme Court. The question then becomes whether Carpenter was prejudiced by the admission of such evidence. We think not.
 
 
 6
 Sentencing courts may consider a vast range of information, including hearsay and offenses of which the defendant has not been charged. Kramer v. Jenkins, 803 F.2d 896, 900 (7th Cir.1986). A state need not prove beyond a reasonable doubt the facts underlying these offenses when a judge deems them salient to sentencing. Jones v. Thieret, 846 F.2d 457, 461 (7th Cir.1988). In fact the Supreme Court has tolerated the imposition of sentences on hunch, hearsay, or anything other than misinformation of a constitutional magnitude. Id. (citing United States v. Tucker, 404 U.S. 443 (1972)).
 
 
 7
 At Carpenter's sentencing hearing, a police guard testified to the fact that Carpenter escaped from Cook County Hospital while he was a prisoner seeking medical treatment. The victim of the attempted rape and murder also testified. Carpenter cross-examined both these witnesses. The sentencing court was entitled to consider their testimony in imposing the appropriate sentence and therefore Carpenter's right to a fair trial was not violated.
 
 
 8
 Carpenter also charges that he was prejudiced by the state's failure to disclose in pre-trial discovery the identity of the police officer and attempted rape victim. Carpenter procedurally defaulted on this question by failing to raise it on direct appeal before the Appellate Court of Illinois. He has made no showing of cause or prejudice for this default and the issue is waived. See Williams v. Chrans, 894 F.2d 928, 933 (7th Cir.1990).
 
 B. Retroactive Application of Batson
 
 9
 Finally, Carpenter argues that the state used peremptory challenges to exclude blacks from the jury in violation of the Sixth Amendment. In making this argument, he relies on Batson v. Kentucky, 476 U.S. 79 (1986), which held that the Equal Protection clause forbids the state from using peremptory challenges to exclude potential jurors solely because of their race. Batson is not applied retroactively on collateral review of convictions that became final before that decision was announced. Allen v. Hardy, 478 U.S. 255, 257-58 (1986). By final the Court means where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before the decision in Batson. Allen, 478 U.S. at 258 n. 1 (citing Linkletter v. Walker, 381 U.S. 618, 622 n. 5 (1965)). All these events took place in Carpenter's case five years before the Court's 1986 decision in Batson, thus depriving him of any benefit from the rule announced in that case. Teague v. Lane, 489 U.S. 288, ----, 109 S.Ct. 1060, 1067 (1989) (plurality opinion).
 
 III. Conclusion
 
 10
 For these reasons the decision of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 A nolle prosequi is a formal entry on the record by the prosecuting officer declaring that he or she will not prosecute the case further. See Black's Law Dictionary 945 (5th Ed.1979)