996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
J.B. RUSH, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-1834.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided May 21, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 J.B. Rush appeals the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. We affirm.
 
 
 2
 A jury convicted Rush of one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). On direct appeal, Rush claimed that his conviction and sentence should be reversed because (1) the district court erred in denying his motion to suppress heroin found in his possession, (2) he was denied effective assistance of counsel, and (3) the district court erred in admitting into evidence and considering during sentencing the presence of a loaded gun in his car. See United States v. Rush, 890 F.2d 45 (7th Cir.1989).
 
 
 3
 In his § 2255 motion Rush requested collateral relief on two grounds: that trial counsel's failure to file a motion asking the district court to suppress the gun rendered counsel's assistance constitutionally ineffective, and that the enhancement of the sentence for obstruction of justice, see U.S.S.G. § 3C1.1, was improper. The claim under the sentencing guidelines could have been raised on direct appeal and was not. It is open now only if Rush can establish both cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982). Rush has not attempted to do this, offering no explanation of any kind for the omission. Consequently the claim is no longer open.
 
 
 4
 The attack on counsel stands somewhat differently. Such arguments are ill-suited for litigation on direct appeal, because the facts that illuminate counsel's choices typically are not in the record, and we lack the district court's assessment of counsel's performance. Having encouraged defendants to present such claims to district courts under § 2255, e.g., United States v. Davenport, 986 F.2d 1047, 1049-50 (7th Cir.1993), we do not insist that they show additional "cause" for omitting the contention on direct appeal. Nonetheless, Rush did contend on direct appeal that his trial lawyer rendered ineffective assistance. He gave three reasons; we considered and rejected all three. Rush, 890 F.2d at 49-52. Rush's current argument--that trial counsel's assistance was defective because counsel did not seek to suppress the gun--was not among the three grounds. Nonetheless, Rush's appellate lawyer raised that issue by contending that admission of the weapon was plain error. We considered and rejected that argument, too. Id. at 47-48.
 
 
 5
 Thus the current attack on counsel replicates the arguments on appeal in 1989. Cast as an attack on the adequacy of trial counsel, it is just a fourth ground in support of an argument that was presented and considered before. Cast as an attack on the admissibility of the gun, it is entirely duplicative with the earlier appeal. As a rule, federal counts permit only one presentation of a claim, such as ineffective assistance. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991) (a defendant "is unlikely to get to first base if he has already presented a claim of ineffective assistance of counsel to the court of appeals unsuccessfully" on direct appeal). Setting out new reasons in support of a legal position does not authorize relitigation. Instead one must establish an intervening change in law, Page v. United States, 884 F.2d 300, 302 (7th Cir.1989), or the existence of cause for, and prejudice from, the omissions in the direct appeal. Barnard v. Lane, 819 F.2d 798, 802 (7th Cir.1987).
 
 
 6
 Rush tries the latter route, contending that his appellate counsel in 1989 rendered ineffective assistance in not presenting all possible grounds of attack on his trial counsel. Having articulated the claim, however, Rush does nothing to advance his position. Appellate counsel serves best by winnowing claims, not by presenting a blunderbuss. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). Rush's appellate lawyer gave three reasons for doubting trial counsel's work, and he attacked the admission of the gun directly rather than listing it as a fourth fault. The district court in this collateral proceeding found that Rush's counsel on direct appeal rendered constitutionally satisfactory performance. Rush does not seriously contest that decision on appeal. Adequate appellate counsel on the first appeal means that Rush lacks "cause" for omitting the line of argument he now pursues. The decision rendered by the panel in 1989--that Rush's trial counsel rendered effective assistance--remains the law of the case. United States v. Mazak, 789 F.2d 580 (7th Cir.1986). There is no basis for collateral relief.
 
 
 7
 AFFIRMED.
 
 
 8
 RIPPLE, Circuit Judge.
 
 
 9
 I believe the district court disposed of these issues correctly and, on that basis, its judgment should be affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs