61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert Lee BARNETT, Petitioner-Appellant,
v.
Salvador A. GODINEZ, Respondent-Appellee.
 No. 93-2011.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 6, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In 1982, Robert Lee Barnett was convicted in an Illinois court of armed robbery and unlawful restraint. Because the armed robbery conviction was his third major felony conviction, Barnett was sentenced to a mandatory term of life imprisonment without parole under the Illinois habitual criminal statute, 720 ILCS 5/33B-1.[1] Barnett filed a petition under 28 U.S.C. Sec. 2254 challenging his armed robbery conviction. In his habeas corpus petition, he alleges that (1) his trial attorneys were ineffective for failing to request an instruction on the lesser-included offense of simple robbery; (2) his trial attorneys provided ineffective assistance by failing to challenge a number of jurors; (3) the prosecutor made several prejudicial comments including an improper reference to Barnett's decision not to testify at trial; and (4) the prosecution violated his due process rights by not informing him that it would seek a life sentence under the habitual criminal statute. The district court denied Barnett's petition without conducting an evidentiary hearing.
 
 I. Procedural Default
 
 2
 If a petitioner under Sec. 2254 does not present a claim to the highest state court, the claim is defaulted. Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir. 1995), cert. petition filed (June 6, 1995) (No. 94-9577); Nutall v. Greer, 764 F.2d 462, 464 (7th Cir. 1985). Barnett did not present his due process, prosecutorial comment, and juror claims to the Illinois Supreme Court either on direct appeal or in his state post-conviction proceedings. Thus, we will not review these claims unless Barnett demonstrates cause and prejudice. Lostutter, 50 F.3d at 392.
 
 
 3
 As cause for his procedural default, Barnett alleges ineffective assistance of appellate counsel. Although ineffective assistance of counsel may excuse a petitioner's procedural default, the claim of ineffective assistance must first be presented to the state courts. Lemons v. O'Sullivan, No. 94-2147, slip op. at 3-4 (7th cir. April 28, 1995); Lostutter, 50 F.3d at 395. Barnett did not argue in state court that his appellate counsel rendered ineffective assistance by not presenting the due process, prosecutorial comment, and juror claims to the Illinois Supreme Court. Thus, he may not claim ineffective assistance as cause for his procedural default. Finally, as he makes no showing of cause "external to his claims of ineffective assistance," Lemons, slip op. at 4, we may not review these claims.[2]
 
 II. Robbery Instruction
 
 4
 Barnett was convicted of armed robbery for using a knife in the commission of a robbery.[3] The sole theory of his defense was that he did not use or carry a knife. Barnett's attorneys conducted the trial with the initial intention of offering an instruction on the lesser-included offense of simple robbery.[4] At the jury instruction conference, however, defense counsel Kissel revealed that he had discussed the matter with Barnett earlier that morning and they had decided not to request a robbery instruction. III Tr. at 295. After engaging in a colloquy with Barnett to determine whether he assented to this new strategy, the judge agreed not to give the robbery instruction.[5]
 
 
 5
 Barnett claims that his attorneys provided ineffective assistance by recommending this all-or-nothing strategy. The stakes were undoubtedly high. A conviction for simple robbery would not have qualified Barnett as a habitual criminal. See 720 ILCS 5/33B-1(a). Robbery is a Class 2 felony, 720 ILCS 5/18-1(b), that carries a sentence of 3 to 7 years of imprisonment. 730 ILCS 5/5-8-1(5). The armed robbery conviction made Barnett a habitual criminal, mandating a term of life without parole.
 
 
 6
 Barnett's attorneys apparently believed that they could gain an acquittal by creating a reasonable doubt about whether the robbery involved a knife. The prosecution's case for armed robbery was by no means airtight -- it rested solely on whether the jury believed the victim's testimony that Barnett had carried a knife.[6] If the robbery instruction were presented, however, the chances of acquittal would reduce to near-zero, because Barnett had admitted that he committed the robbery. But withholding the robbery instruction created a risk for the defense as well. The fact that Barnett committed the robbery was never contested. When a jury is faced with a choice between voting to acquit a defendant who admittedly committed a serious crime and convict of a greater offense, there is a chance that it will convict of the greater offense despite reasonable doubt concerning an element (here, the knife) to avoid letting a dangerous criminal go free. See Beck v. Alabama, 447 U.S. 625, 637 (1980). In Beck, the Supreme Court cited this fear of unwarranted conviction in holding that an Alabama statute that barred instructions on lesser included offenses in capital cases violated the defendant's due process rights. Id. at 637-38. This Court, however, has declined to extend Beck to non-capital cases. Nichols v. Gagnon, 710 F.2d 1267, 1272 (7th Cir. 1983), cert. denied, 466 U.S. 940 (1984).[7]
 
 
 7
 In some instances, leaving the jury with an all-or-nothing choice (and thus risking an unwarranted conviction) may constitute ineffective assistance. In United States ex rel. Barnard v. Lane, 819 F.2d 798 (7th Cir. 1987), the defendant's attorney withheld instructions on justification and manslaughter, leaving the jury with a choice of acquitting or convicting of murder. Barnard testified that he shot the victims, so his only possible defenses were that the homicide was justified or that he lacked the mental state necessary for murder. See Barnard, 819 F.2d at 805. Thus, the court held that failing to request the lesser instructions left Barnard with no defense and constituted ineffective assistance. Id.
 
 
 8
 Barnett's case is different from Barnard. While the decision to forego a robbery instruction may have increased the probability of an armed robbery conviction, it did not leave Barnett without a defense. To prove armed robbery, the state had to prove beyond a reasonable doubt that Barnett used a knife in the commission of the robbery. The defense theory that no knife existed was a complete defense to the charge of armed robbery -- if the jury possessed a reasonable doubt that Barnett used a knife, it was instructed to acquit. III Tr. at 346. Barnett's attorneys presented a viable defense, so the failure to request a robbery instruction was not ineffective assistance per se under Barnard. Thus, Barnett's only argument is that the decision to omit the robbery instruction was not sound trial strategy.
 
 
 9
 The decision of whether to request an instruction on a lesser-included offense is a matter of trial strategy. See United States v. Boyles, No. 92-3886, slip op. at 32-33 (7th Cir. June 8, 1995); United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992). Generally, decisions regarding trial tactics are accorded "enormous deference," United States v. Hirschberg, 988 F.2d 1509, 1513 (7th Cir. 1993), cert. denied, 114 S. Ct. 311 (1993), and will not constitute ineffective assistance if, "viewed from counsel's perspective at the time, [they] might be considered sound trial strategy." Kubat v. Thieret, 867 F.2d 351, 360 (7th Cir. 1989), cert. denied, 493 U.S. 874 (1989). Consequently, withholding a lesser-included instruction will not constitute ineffective assistance when requesting the instruction would conflict with a reasonable trial strategy. Boyles, slip op. at 32-33 (failure to request instruction on reasonable mistake in rape case not ineffective assistance because would conflict with consent defense); Kubat, 867 F.2d at 364-65 (seeking lesser-included instruction in kidnapping case would conflict with alibi defense).
 
 
 10
 Presenting the jury with an all-or-nothing choice is generally a reasonable trial strategy because, although it involves a risk, it increases the chances of an acquittal. See Collins v. Lockhart, 707 F.2d 341, 345-46 (8th Cir. 1983) (Gibson, J. concurring); United States ex rel. Sumner v. Washington, 840 F. Supp. 562, 573-74 (N.D. Ill. 1993).[8] Given the stakes of losing (life without parole), the decision to forego the robbery instruction in Barnett's case may not have been the wisest choice. We do not, however, review the strategic decisions of attorneys for their wisdom. Rather, a defendant receives ineffective assistance of counsel only if "his attorney's performance fell below an objective level of reasonableness." Mason v. Godinez, 47 F.3d 852, 855 (7th Cir. 1995), cert. petition filed (June 1, 1995) (U.S. No. 94-9540); see also Lockhart v. Fretwell, 113 S. Ct. 838, 842-43 (1993); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). We cannot say that the decision to withhold the robbery instruction was unreasonable. Barnett's attorneys may have believed that they had created considerable doubt about the knife -- a reasonable belief given that the prosecution's case rested completely on Manos' testimony. They may have felt -- and reasonably so -- that the chances of an acquittal were high enough to warrant the all-or-nothing gamble. The fact that they lost should not affect our determination that, at the time, the choice was reasonable. Cf. Kubat, 867 F.2d at 360.
 
 
 11
 While the all-or-nothing choice was reasonable, Barnett's attorneys did not have the authority to make the decision to adopt this strategy alone. Although an attorney possesses great latitude to shape trial strategy, see Underwood v. Clark, 939 F.2d 473, 474 (7th Cir. 1991), the client must participate in the decisionmaking process when important decisions are concerned or fundamental rights are at issue. Johnson v. Duckworth, 793 F.2d 898, 900 (7th Cir. 1986), cert. denied, 479 U.S. 937 (1986).[9] In Barnett's case, the decision to forego the robbery instruction was an exceedingly important choice, especially considering that Barnett faced life without parole if his gamble backfired. Thus, before allowing Barnett to pursue the all-or-nothing strategy, his attorneys should have fully informed him of the consequences of that choice by, for instance, giving their best estimates of his chances for acquittal and discussing the mandatory life term under the habitual criminal statute. See ABA Standard for Criminal Justice 4-5.2, cmt. (3d ed. 1993) ("It is ... important in a jury trial for defense counsel to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury."); cf. Strickland, 466 U.S. at 688 (counsel has duty "to consult with the defendant on important decisions").[10]
 
 
 12
 In his pro se pleadings, Barnett hints that he was not aware of the habitual criminal statute nor did he understand the significance of a lesser-included instruction. See R. 1, Sec. 2254 petition at 12-13. He states a desire that "a fair investigation of the adequacy of the communications between [defense attorney] Mr. Kissel and Mr. Barnett on this critical matter" be conducted. Id. at 13.[11] The district court, however, did not order an evidentiary hearing. A federal evidentiary hearing is required in a Sec. 2254 proceeding if two requirements are met. First, the petitioner must allege facts that, if proven, would entitle him to relief. McGeshick v. Fiedler, 3 F.3d 1083, 1086 (7th Cir. 1993). Second, the federal court must determine that the state court has not already "reliably found the relevant facts." Ford v. Wainright, 477 U.S. 399, 410 (1986). Here, both conditions are fulfilled. Barnett alleges that he did not make an informed decision to forego the robbery instruction. If this is the case, he is entitled to a new trial on the armed robbery charge.[12] The state court never ordered an evidentiary hearing or made any findings of fact on this issue.[13] Thus, a federal evidentiary hearing is required.
 
 
 13
 In conclusion, the district court's denial of Barnett's due process, prosecutorial comment, and juror claims is AFFIRMED. The robbery instruction claim is REMANDED to the district court for an evidentiary hearing.
 
 
 14
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Section 5/33B-1 states in relevant part:
 "(a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal.
 * * *
 (e) Except when the death penalty is imposed, anyone adjudged an habitual criminal shall be sentenced to life imprisonment."
 
 
 [2]
 The due process and prosecutorial comment claims were presented to the Illinois Appellate Court on direct appeal but were not appealed to the Illinois Supreme Court or raised in his state post-conviction petitions. The ineffective assistance/juror claim was raised for the first time in his Sec. 2254 petition. Barnett may not claim ineffective assistance of post-conviction counsel as cause for failure to raise claims in his state post-conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 752-55 (1991) (there is no constitutional right to post-conviction counsel, and ineffective assistance may not constitute cause for procedural default unless "it is an independent constitutional violation"); Williams v. Chrans, 945 F.2d 926, 932-33 (7th Cir. 1991), cert. denied, 112 S. Ct. 3002 (1992)
 
 
 [3]
 Under Illinois law, a person commits armed robbery by committing a robbery "while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." 720 ILCS 5/18-2(a)
 
 
 [4]
 At the close of the trial, James Kissel, one of Barnett's attorneys, stated to the judge, "I anticipate, in fact, I know that we will be offering as [a] defense instruction the robbery instruction." III Tr. at 293
 
 
 [5]
 The judge asked Barnett if he "did not want that instruction full-well knowing that the jury would either find you guilty of armed robbery or not guilty of armed robbery, ... that would then give the jury no such choice as to finding you guilty of a lesser included offense." III Tr. at 296. Barnett replied, "Well, I do not wish a balance sheet for robbery to be permitted." Id. The judge then asked, "You are telling me not to give that instruction?" to which Barnett responded, "Right." Id
 
 
 [6]
 The victim, Joan Manos, testified that Barnett threatened her with a knife and forced her to hand over $3,000 in cash and approximately $20,000 in jewelry. III Tr. at 157-61. The defense sought to question Manos' veracity, noting that she did not tell anyone about the knife until several hours after she first reported the robbery. In addition, shortly after he was apprehended, Barnett admitted that he committed the robbery. See III Tr. at 232-34. However, during questioning by police and prosecutors, he consistently denied that he had used a knife. See id. at 235, 251-52, 288-90
 
 
 [7]
 The Nichols court also distinguished Beck based on the probability of unwarranted conviction:
 "Purely for the sake of illustration, assume that in Beck the probability that the jury would convict the defendant of capital murder if there was no lesser-included-offense instruction was 90 percent and the probability of acquittal 10 percent, but that if the ... instruction ... had been given the probability off conviction of capital murder would have been 50 percent, of felony murder 45 percent, and of acquittal 5 percent. On these assumptions Beck might well have been harmed by the failure to instruct on the lesser included offense. Assume that in the present case, with no lesser-included-offense instruction given, the probability of conviction was 60 percent and of acquittal 40 percent, but that if the instruction had been given the probability of conviction of rape would have been 40 percent, of conviction of attempted rape 50 percent, and of acquittal 10 percent.... Nichols might think himself better off without the instruction." Nichols, 710 F.2d at 1270 (emphasis added).
 
 
 [8]
 The Sumner court noted that if presenting an all-or-nothing choice is ineffective assistance, then every defendant would try it, because he would either win an acquittal or a new trial. See Sumner, 840 F. Supp. at 574. The prosecution, however, would undoubtedly counter this defense strategy by always requesting the lesser-included instruction
 
 
 [9]
 For example, the client must make the decision to plead guilty for himself. Johnson, 793 F.2d at 900. Even regarding the less momentous decision to reject a guilty plea, the defendant "must be involved in the decisionmaking process," and the failure to "inform clients of plea agreements proffered by the prosecution" constitutes ineffective assistance. Id. at 902
 
 
 [10]
 When a defendant makes an informed decision to pursue a reasonable trial strategy, that strategy may not form the basis of an ineffective assistance claim. United States v. Kamel, 965 F.2d 484, 497 n. 39 (7th Cir. 1992); United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir. 1989), cert. denied, 493 U.S. 968 (1989); cf. United States v. Simone, 931 F.2d 1186, 1196-97 (7th Cir. 1991), cert. denied, 502 U.S. 981 (1991)
 
 
 [11]
 In denying Barnett's Sec. 2254 petition without an evidentiary hearing, the district court stated, "[n]owhere does petitioner allege that trial counsel failed to tell Barnett the potential sentence he faced if he were convicted of armed robbery." District Court Order at 16, n. 7. While Barnett's petition may not contain these exact words, it certainly implies that he was not adequately informed. Giving his pro se petition the liberal construction that it deserves, see McNeil v. United States, 113 S. Ct. 1980, 1984 (1993), Barnett has sufficiently alleged that his counsel did not adequately inform him of the consequences of waiving the robbery instruction
 
 
 [12]
 Because Barnett makes a claim of ineffective assistance, he may not prevail unless his attorneys' error rendered the jury verdict "fundamentally unfair or unreliable." Mason, 47 F.3d at 855; see also Lockhart, 113 S. Ct. at 842-43; Leach v. Kolb, 911 F.2d 1249, 1261 (7th Cir. 1990) (failure to give lesser instruction not ineffective assistance because evidence of guilt on greater charge overwhelming), cert. denied, 498 U.S. 972 (1990); Harris v. United States, 938 F.2d 882, 883 (8th Cir. 1991) (failure to request bank robbery instruction not ineffective assistance because prosecution presented "much evidence" that defendant was guilty of armed bank robbery). At Barnett's trial, the evidence establishing armed robbery was anything but overwhelming. See note 6, supra. We do not believe that the jury's decision to convict of armed robbery is a reliable indication of what would have occurred had it been given the option of simple robbery
 
 
 [13]
 The trial court asked Barnett whether he desired to waive the robbery instruction. See note 5, supra. The court did not, however, investigate whether Barnett had made an informed decision