Johnny F. HARRIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 89–2644.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1990.

Decided July 11, 1991.

Michael Knollmeyer, Jacksonville, Ark., for appellant.

Linda B. Lipe, Little Rock, Ark., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

BEAM, Circuit Judge.

Johnny F. Harris was convicted of aiding and abetting armed bank robbery. He appeals from the district court's denial of his section 2255 motion, arguing that his trial counsel was constitutionally ineffective for failing to request a lesser-included-offense instruction. We affirm.

In January 1987, a man entered the First State Bank of Parkin, Arkansas and robbed it at gunpoint. He fled from the bank in a gold-colored Ford LTD, driven by another man. Within a few minutes after the robbery, law enforcement officers stopped an automobile matching the description of the getaway car. Harris was driving the car and Ivory Wilson was the passenger. Harris gave the officers permission to search the car. Under the hood, officers found a gray nylon bag containing the stolen money and the gun used during the robbery.

Harris and Wilson were tried jointly in April 1987. Wilson was identified at trial as the man who entered and robbed the bank. Neither defendant testified or called witnesses. Harris was found guilty of aiding and abetting armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1988) and 18 U.S.C. § 2 (1988), and he was sen-

---

* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

tenced to ten years in prison. His conviction was affirmed by this court on appeal. *See United States v. Harris*, 855 F.2d 858 (8th Cir.1988) (unpublished opinion).

In February 1989, Harris filed a motion pursuant to 28 U.S.C. § 2255 (1988). This motion was denied by the district court and he now appeals from that decision. According to Harris, the government failed to produce any evidence that he knew of Wilson's intent to use a weapon in the robbery. Therefore, Harris argues, his trial counsel was constitutionally ineffective for failing to request a lesser-included-offense instruction under 18 U.S.C. § 2113(a).[1]

■ Section 2113(a) is a lesser-included offense under section 2113(d). *United States v. Cady*, 495 F.2d 742, 747 (8th Cir.1974).[2] We must analyze Harris's claim, however, under the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, Harris must show that his counsel (1) failed to exercise the customary skills and diligence that a reasonably competent attorney would exhibit under similar circumstances and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687, 104 S.Ct. at 2064; *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir.1988). According to *Strickland*, we do not need to "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

■ After a review of the evidence, we are convinced that the second part of *Strickland*'s two-part test cannot be met. In other words, there is no reasonable probability that if the jury had been presented with a lesser-included-offense in-

struction under section 2113(a) the result in his trial would have been any different. There was much evidence from which the jury could infer that Harris knew Wilson intended an *armed* robbery of the bank. The district court, in fact, concluded in its denial of Harris's section 2255 motion that Harris was not entitled to a section 2113(a) instruction because the evidence "proved beyond a reasonable doubt that he knew that Wilson was armed." *Harris v. United States*, No. LR–C–89–90, Memorandum Opinion and Order at 5 (E.D.Ark. July 28, 1989).

Accordingly, the judgment of the district court is affirmed.

---

1. Harris also argues that his counsel was ineffective for failing to call two witnesses at his hearing on a motion for a new trial. This claim is wholly without merit.

2. "A violation of § 2113(a) requires that the defendant forcefully or violently take money or property that belongs to or is in the custody of a bank or other financial institution." *United*

States v. Rose, 731 F.2d 1337, 1348 (8th Cir.), *cert. denied*, 469 U.S. 931, 105 S.Ct. 326, 83 L.Ed.2d 263 (1984). A violation of section 2113(d) "includes all the elements of § 2113(a) plus the element of assault upon or of placing the life of a person in jeopardy by means of a dangerous weapon or device." *Id.*