**Randy Charles SCHMIDT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 92–2225.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1992.

Decided March 4, 1993.

Ronald Meshbesher, Minneapolis, MN, argued, for appellant.

Jeanne J. Graham, Minneapolis, MN, argued, for appellee.

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

MAGILL, Circuit Judge.

Randy Charles Schmidt appeals from the district court's[1] denial of habeas corpus relief under 28 U.S.C. § 2255. He claims the district court erred when it found he was not denied his right to effective assistance of counsel at trial. We affirm.

The complete facts leading up to Schmidt's conviction can be found in *United States v. Schmidt*, 922 F.2d 1365 (8th Cir.1991) (per curiam), in which this court affirmed Schmidt's conviction of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. In that first appeal, Schmidt argued the district court erred because there was insufficient evidence to support the verdicts, the court erred when it did not instruct the jury that a buyer-seller relationship, without more, does not establish a conspiracy, and he received ineffective assistance of counsel. This court affirmed Schmidt's conviction, finding there was sufficient evidence to support the verdicts and the jury instructions given did not contain plain error. *Id.* at 1368–69. Because an ineffective assistance of counsel claim is not properly raised on direct appeal, this court dismissed that claim without prejudice. *Id.* at 1369–70.

Schmidt then raised the ineffective assistance of counsel claim in a petition for habeas corpus relief in the district court, and appeals from the district court's denial of that petition.

Schmidt argues his trial counsel was ineffective because counsel failed to request a jury instruction stating that evidence of a buyer-seller relationship, by itself, is not enough to support a conviction of the buyer for conspiracy or possession with intent to distribute.

To prevail on his ineffective assistance of counsel claim, Schmidt must show: (1) trial counsel did not exercise the skills and diligence a reasonably competent attorney would exhibit under similar circumstances; and (2) a reasonable probability exists that, but for trial counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We first will address whether the result of the proceeding would have been different if the instruction Schmidt contends was necessary had been given. It is not necessary for us to "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *see Harris v. United States*, 938 F.2d 882 (8th Cir.1991).

Schmidt cannot meet this second prong of the *Strickland* test. In other words, there is no reasonable probability that if trial counsel had requested the instruction the jury's verdict would have been different. The jury instructions did not contain the exact language Schmidt contends trial counsel should have requested. However, we have reviewed the instructions and they did adequately cover the substance of Schmidt's buyer-seller theory. The instructions made clear to the jury that more than

---

**1.** The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota.

a buyer-seller relationship was needed to prove Schmidt was guilty of the offenses with which he was charged.

Schmidt argues there is a reasonable probability the result of the trial would have been different because a question the jury sent to the judge during deliberations demonstrates the jury was troubled by this issue. We disagree. The question from the jury reveals the jury was simply confused about the amount of weight it could give to circumstantial evidence. The jury's question cannot reasonably be interpreted to indicate it was in any way confused about whether evidence of more than a simple buyer-seller relationship would be necessary to convict Schmidt.

Because there is no reasonable probability of a different result, we do not need to reach the question of whether trial counsel's performance was deficient. We affirm the judgment of the district court.